## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>  v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>      Defendants. | Civil action no.: 21-cv-00056<br><br>Legal and equitable relief sought |

## **COMPLAINT**

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual (collectively "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq*.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

A.  Defendant, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, is and, at all times hereinafter mentioned, was a corporation in Jackson County, within the jurisdiction of this Court, and is, and, at all times hereinafter mentioned, was engaged in operating a café at 100 E. Jackson Street, Carbondale, Illinois 62901, and a bakery at 218 N. Illinois Avenue, Carbondale, Illinois 62901.

B.  Defendant, **ELAINE RAMSEYER GREENBERG**, an individual, is and, at all times hereinafter mentioned, was the General Manager of **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, and was engaged in business within Jackson County at 100 E. Jackson Street, Carbondale, Illinois 62901 and 218 N. Illinois Avenue, Carbondale, Illinois 62901. At all times hereinafter mentioned, **ELAINE RAMSEYER GREENBERG** acted directly or indirectly in the interest of **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, in relation to its employees, actively managing its day-to-day operations, supervising employees, and setting pay rates, and is an employer within the meaning of section 3(d) of the Act.

III

Defendant, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, is and, at all times hereinafter mentioned, was an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

IV

Defendant, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

A. Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY,** and **ELAINE RAMSEYER GREENBERG**, repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying some employees a wage at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked.

B. Specifically, Defendants initially took a tip credit of $2.25 and paid a cash wage of $5.00 per hour and later took a tip credit of $1.70 and paid a cash wage of $5.55 per hour.

C. Defendants required servers and baristas to pool tips and improperly distributed a percentage of the servers' and baristas' tips to cooks and dishwashers, who are not employees who customarily and regularly receive tips within the meaning of section 3(t) of the Act. The inclusion of cooks and dishwashers invalidated the tip pool, and therefore, Defendants could not avail themselves of a tip credit. Because

      Defendants could not claim a tip credit and paid servers and baristas less than $7.25 per hour, Defendants violated section 6 of the Act.

## VI

A.    Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, and **ELAINE RAMSEYER GREENBERG**, repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

B.    Defendants improperly computed overtime compensation based on tipped employees' cash wages rather than their regular rates and failed to pay them one and one-half times their regular rates.

C.    Defendants also failed to compute any overtime compensation at all to one employee. Defendants paid that employee a salary for all hours worked and failed to pay the employee one and one-half times his regular rate for hours worked in excess of 40 hours per week.

## VII

A.    Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY,** and **ELAINE RAMSEYER GREENBERG**, repeatedly

    violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516.

  B. Specifically, Defendants failed to:

    (1) keep and maintain records of the amount of tips each employee received;

    (2) accurately record the correct overtime premium rates and amounts of overtime compensation;

    (3) accurately record an hourly rate of $7.25, instead of $5.00 (and later $5.55), for baristas and servers due to the invalidation of the tip pool; and

    (4) maintain a complete set of time records for a period of two years.

VIII

During the period since February 6, 2018, Defendants repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

  **WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against defendants as follows:

  (a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active

concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

  (b)  For an Order

  (1) pursuant to section 16(c) of the Act finding Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE AND BAKERY**, and **ELAINE RAMSEYER GREENBERG**, liable for unpaid minimum wage and overtime compensation due their employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

  (2) pursuant to section 17, enjoining and restraining Defendants, **DAYEMI ORGANIZATION, INC., d/b/a LONGBRANCH CAFE & BAKERY**, and **ELAINE RAMSEYER GREENBERG**, and their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

  (c)  For an Order awarding Plaintiff the costs of this action; and

  (d)  For an Order granting such other and further relief as may be necessary or appropriate.

          Respectfully submitted,

         **KATE O'SCANNLAIN**
         Solicitor of Labor

         **CHRISTINE Z. HERI**
         Regional Solicitor

*/s/ Catherine Seidelman*
**CATHERINE SEIDELMAN**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Telephone: 312-353-4995
Facsimile: 312-353-5698
Email: seidelman.catherine@dol.gov

Attorneys for **EUGENE SCALIA**,
Secretary of Labor, United States
Department of Labor, Plaintiff

## **Exhibit A**

1. Jamie Babre
2. Andrew Barajas
3. Jaliel Barr
4. Curtis Battrell
5. Alanya Bullock
6. Lindsay Cappelli
7. Wilbur Davis
8. Mara Decker
9. Ashley Durrance
10. Charissa Eaton
11. Julianna Evischi
12. Raine Fox
13. Lana Frutoz
14. Cierra Goolsby
15. Jacob Gorecki
16. Biana Hazen
17. Alexis Heinz
18. Amanda Henderson
19. Sierra Hirtz
20. Layah Jones
21. Maureen Linson
22. Quinton McBride
23. Jennifer McSparin
24. Emma Metz
25. Anne Millard
26. Amr Mostafa
27. Madison Pellow
28. Marquez Scoggin
29. Jessica Suderow
30. Jeremiah Wallace
31. Melinda Ware
32. Olivia Zambetta

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **COMPLAINT** has been served on the below-named individual this January 15, 2021, by sending said copy by first-class mail, with a courtesy copy by email, to:

>Shari R. Rhode, Esq.
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>shari@rhodelawfirm.com

>/s/ Catherine L. Seidelman
>**CATHERINE L. SEIDELMAN**
>Trial Attorney