UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil action no.: 3:21-cv-00056-SMY<br>)<br>)  CJRA Track: B<br>)<br>)  Presumptive Trial Month: March 2022<br>)<br>)  Judge Staci M. Yandle<br>)<br>) |

**SECRETARY OF LABOR'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") moves for summary judgment against Defendants Dayemi Organization, Inc. d/b/a Longbranch Café & Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants") on all claims asserted by the Secretary in his Complaint [ECF No. 1] because there is no genuine issue as to any material fact and the Secretary is entitled to judgment as a matter of law under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act").

As the grounds for his Motion, the Secretary submits:

1. The pleadings, Defendants' responses to the Secretary's Requests for Admissions, deposition, company records, materials gathered during the Secretary's investigation of Defendants, and declarations show there is no genuine issue of material fact.

2. The Secretary is, as a matter of law, entitled to a judgment finding Defendants are covered by the Act and are jointly and severally liable; failed to pay tipped employees minimum wage in violation of section 206 of the Act by operating an invalid tip pool that precluded them

from taking a tip credit; failed to pay the appropriate overtime premium rate to employees who worked more than 40 hours per workweek in violation of section 207 of the Act by calculating tipped employees' overtime rate as one-and-one-half times their tipped cash wage; misclassifying a manager as FLSA exempt; and failed to make and keep records of employee hours and pay in violation of section 211 of the Act.

3. The Secretary, as a matter of law, is entitled to judgment, pursuant to section 217 of the Act, restraining Defendants from violating the minimum wage, overtime, and recordkeeping provisions of the Act and for a judgment, pursuant to section 216(c), ordering payment in the amount of $49,362.24 in unpaid minimum wage and overtime compensation due employees under the Act and an equal amount of liquidated damages for the total amount of $98,724.48.

**WHEREFORE**, the Secretary moves for entry of summary judgment in his favor in accordance with the foregoing or, in the alternative, if the court finds a genuine issue as to a material fact with respect to damages or other issues, then entry of partial summary judgment on all remaining issues.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Elisabeth Nolte*
**ELISABETH NOLTE**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837

        Nolte.Elisabeth.P@dol.gov
        IL Bar No. 63221218

        *Attorneys for Plaintiff Martin J. Walsh,*
        *Secretary of Labor, United States Department*
        *of Labor*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2021, the **Secretary of Labor's Motion for Summary Judgment, Memorandum of Law in Support of his Motion for Summary Judgment, and attached exhibits** were filed using the CM/ECF System and served by email on the following:

> Shari R. Rhode, Esq.
> Rhode Law Firm
> 1405 West Main Street
> Carbondale, IL 62901
> shari@rhodelawfirm.com

>
> */s/ Elisabeth Nolte*
> **ELISABETH NOLTE**
> Attorney
>
>
> United States Department of Labor,
> One of the Attorneys for Martin J. Walsh,
> Secretary of Labor