UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil action no.: 3:21-cv-00056-SMY<br>)<br>)  CJRA Track: B<br>)<br>)  Trial Month: July 2022<br>)<br>)  Judge Staci M. Yandle<br>)<br>) |

**SECRETARY OF LABOR'S MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7.1(c) of the Local Rules for the U.S. District Court for the Southern District of Illinois, and Judge Yandle's Case Management Procedures, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") moves for leave to file a reply in support of his Motion for Summary Judgment ("MSJ") against Defendants Dayemi Organization, Inc. d/b/a Longbranch Café & Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants"). In their Response in Opposition to Plaintiff's Motion for Summary Judgment ("Response"), Defendants ask the Court to strike declarations submitted in support of the Secretary's MSJ and file their own contrary declarations, as well as raise arguments concerning their tip pool, overtime practices, recordkeeping practices, and the propriety of the relief sought by the Secretary. *See* ECF No. 29. Exceptional circumstance exist to justify allowing the Secretary a limited reply to address only the validity of Defendants' declarations, the challenges made to the Secretary's supporting declarations, and Defendants' contention they paid Barista Manager Wilbur Davis the back wages he is owed. In support of his Request, the

1

Secretary asserts the following:

1. In support of their argument against the mandatory nature of their tip pool, Defendants proffer declarations of five former employees of Longbranch Café. ECF Nos. 29-2, 29-3, 29-4, 29-5. The Secretary has not had an opportunity to present evidence and arguments regarding the propriety of these declarations as he first became aware of them when Defendants filed their Response. The Secretary should be permitted to raise objections to these declarations, just as Defendants raised objections to the Secretary's declarations, so the Court can make a fully informed decision on whether to consider Defendants' declarations or the weight to give them.

2. In their Response, Defendants object to the Secretary's submission of and reliance on partially redacted declarations to support his MSJ and ask the Court to strike these declarations. The Secretary could not have addressed these challenges in his MSJ as he was unaware Defendants intended to raise such objections. Moreover, the Secretary could not have anticipated Defendants' objections at the time he filed his MSJ given the recent case law upholding the Secretary's use of partially redacted sworn statements at the summary judgment stage to protect the identities of confidential government informants. *E.g. Scalia v. Ghosn*, 451 F. Supp. 3d 1215, 1220-21 (W.D. Okla. 2020); *Sec'y of Labor v. Until Serv. Corp.*, No. 19-cv-693-LM, 2021 WL 5359741, at *6-7 (D.N.H. Nov. 17, 2021). The Secretary would suffer undue prejudice if the Court were to analyze the evidence and rule on the merits of the Secretary's MSJ without giving him an opportunity to address Defendants' objections to his declarations.

3. In their Response, Defendants assert for the first time that they already paid Barista Manager Wilbur Davis the back wages he is owed and submit a declaration, paystub, and check in support of this claim [ECF No. 29-7]. Defendants did not produce this evidence in discovery and have not previously made the Secretary aware of this payment. Moreover,

Defendants' evidence indicates the payment to Davis does not cover the entire time period for which the Secretary calculated back wages. The Secretary should have the opportunity to address this evidence, which he was not previously provided, and to determine whether Defendants have in fact paid Davis for all back wages owed to him, as they claim.

4. The Secretary's reply would be limited in scope to challenging the validity of Defendants' declarations, addressing Defendants' objections to his declarations, and addressing Defendants' assertion regarding Davis's back wages, which the Secretary could not have done previously because these are newly raised issues. Thus, the reply would not be a restatement of arguments and evidence already covered by the Secretary's MSJ.

5. The undersigned attorney conferred with counsel for Defendants on February 14, 2022, regarding the Secretary's request for leave to file a reply. Defendants' counsel advised that Defendants object to this request.

For the foregoing reasons, the Secretary respectfully requests the Court grant his request for leave to file a reply limited to the issues of the propriety of the five tip-pool related declarations submitted by Defendants, Defendants' objections to the Secretary's declarations, and Defendants' claims regarding Davis's back wages, which constitute exceptional circumstances justifying a reply.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

*/s/ Elisabeth Nolte*

ELISABETH NOLTE
Trial Attorney

        U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
Nolte.Elisabeth.P@dol.gov
IL Bar No. 63221218

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

## **CERTIFICATE OF SERVICE**

I certify that on February 15, 2022, the **Secretary of Labor's Motion for Leave to File a Reply in Support of His Motion for Summary Judgment** was filed using the CM/ECF System and served by email on the following:

>Shari R. Rhode, Esq.
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>shari@rhodelawfirm.com

>*/s/ Elisabeth Nolte*
>**ELISABETH NOLTE**
>Attorney

>United States Department of Labor,
>One of the Attorneys for Martin J. Walsh,
>Secretary of Labor