UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) | Civil action no.: 3:21-cv-00056-SMY |
| v. ) ) | Hon. Staci M. Yandle |
| **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, ) ) ) ) ) ) | District Court Judge |
| Defendants. ) | |

**SECRETARY OF LABOR'S REPLY TO DEFENDANTS' RESPONSE TO
THE SECRETARY'S MOTION FOR SUMMARY JUDGMENT**

i

On November 22, 2021, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") filed a *Motion for Summary Judgement* ("MSJ") [ECF No. 23] seeking to hold Defendants accountable to their employees for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or "Act"), including Defendants' unlawful use of a tip credit for servers and baristas, who were required to pay into an invalid tip pool, and failure to pay overtime compensation to a misclassified barista manager. In their *Response in Opposition* ("Response"), Defendants attempt to manufacture a dispute regarding two limited facts:[1] (a) the mandatory nature of the tip pool operated by Defendants, in which a portion of tips earned by servers and baristas were given to non-tipped kitchen staff, and; (b) payment of back wages for unpaid overtime compensation to the misclassified barista manager.

Defendants' Response is wholly insufficient to overcome summary judgment because they fail to establish any *genuine* issue of fact on which a reasonable fact-finder could rule in their favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986). The Secretary's evidence, including unredacted declarations of former employees, the written tip pool policy, and employee disciplinary action for noncompliance, establish Defendants required servers and baristas to follow their tip pool rules. The boilerplate declarations submitted by Defendants to suggest otherwise should be struck by the Court because they are unreliable and even assuming*, arguendo*, they were true, they do not refute the material facts proven by the Secretary. Finally, Defendants do not definitively establish they paid back wages to the barista manager, and liquidated damages are appropriate regardless.

---

[1] As to all other matters, Defendants raise no factual disputes and instead advance unpersuasive and baseless legal arguments. Specifically, Defendants misunderstand how to calculate their annual dollar volume of gross sales for the purpose of establishing coverage in 2020; trivialize their admitted failure to pay the lawful overtime rate to servers and baristas; and attempt to challenge their failure to keep required records in a single, unsupported sentence. Defendants also ignore legal precent and rely on irrelevant facts in arguing against the liquidated damages and injunctive relief sought by the Secretary and Defendant Ramseyer's status as an employer under FLSA § 3(d).

## ARGUMENT

**1. The Secretary's Evidence Shows Defendants Operated a Mandatory Tip Pool.**

Defendants object to the Secretary's submission of declarations of Defendants' former employees because the Secretary redacted certain identifying information based on the government informants privilege. While the Secretary has support for reliance on redacted declarations,[2] to address Defendants' claims regarding their sufficiency, the Secretary re-submits herewith unredacted declarations and accompanying materials.[3] See attached Exhibits 6, 6-A,[4] 9, and 10. These declarations satisfy the requirements to support the Secretary's MSJ under Federal Rule of Civil Procedure 56(c). Fed. R. Civ. P. 56(c).

The additional information revealed in the unredacted declarations only strengthen the Secretary's showing that no reasonable fact-finder could find in favor of Defendants on the mandatory nature of the tip pool. Specifically, in addition to the bases set forth in the Secretary's MSJ, these declarations show Defendants enforced their tip pool rules by chastising, disciplining, and retaliating against employees brave enough to speak out against the required tip out. (Ex. 6 ¶ 11-17; Ex. 8 ¶ 9; *see also* Ex. 9 ¶ 14; Ex. 10 ¶ 11.) In one notable instance, occurring in January 2020, Defendant Ramseyer "cornered" a server who declined to tip out a dishwasher and demanded the server hand over money to give to the dishwasher. (Ex. 6 ¶¶ 13-14.) The server, who had previously complained to management about the tip pool, voiced her opposition but

---

[2] Courts have long recognized the importance of the government informants privilege in FLSA cases, *e.g. Kasten v. Saint–Gobain*, 131 S. Ct. 1325, 1333 (2011), and recent decisions support the Secretary's use of partially redacted declarations at the summary judgment stage to protect the identities of informants, *e.g. Scalia v. Ghosn*, 451 F. Supp. 3d 1215 (W.D. Okla. 2020); *Sec'y of Labor v. Until Serv. Corp.*, 2021 WL 5359741 (D.N.H. Nov. 17, 2021).
[3] Given the particular concerns of retaliation here, the Secretary is prepared to enforce the protections afforded by FLSA § 15(a)(3) as needed. The Secretary has kept declarants' locations redacted and has not submitted an unredacted version of the declaration filed as MSJ Ex. 8, as that declarant is too fearful of retaliation from Defendants to consent to disclosure of their identity. The Secretary determined Defendants owe additional back wages to McSparin, whose identity was previously protected, based on newly obtained documents from which tips owed specifically to her can be calculated. (*See* Ex. 15 ¶¶ 4-7.)
[4] Exhibit 6-A is referred to as "Exhibit 8" in McSparin's original declaration.

eventually relented and gave Defendant Ramseyer money. (*Id.*) Defendants issued a disciplinary report to the server for refusing to follow Defendants' orders and threatened termination for future refusals. (*Id.* ¶ 15; Ex. 6-A.) Defendants also changed the server to a less lucrative schedule in retaliation for her noncompliance with the required tip out. (Ex. 6 ¶ 15-16.)

**2. Defendants' Declarations Should be Struck as Unreliable.**

In an attempt to manufacture an issue of material fact regarding the mandatory nature of Defendants' tip pool, Defendants rely on identical declarations of five former employees.[5] Courts have held declarations shown to be untrue should be struck or disregarded as they do not create a *genuine* factual issue. *Colosi v. Electri–Flex Co.*, 965 F.2d 500, 503 (7th Cir. 1992); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 577-78 (2d Cir. 1969); *Garza v. Chavez*, 2014 WL 3571721, at *6, 18 (C.D. Cal. Mar. 4, 2014); *Aiello v. Litscher*, 104 F. Supp. 2d 1068, 1070-71 (W.D. Wisc. 2000) (denying summary judgment where movant relied on multiple boilerplate affidavits, some of which were shown to contain false statements). Defendants' declarations, which were clearly prepared as a form by Defendants then rubber stamped by the declarants, should be struck or disregarded because they contain demonstrably false statements and/or resulted from Defendants' improper influence and control over the declarants.

Critically, the declarations of Jailel Barr, Raine Fox, Melinda Ware, and Madison Pellow contain demonstrably false statements. These declarations state, "I never heard any other server say s/he did not want to share 10% of the tips with the cooks and dishwashers." (ECF Nos. 29-3 – 29-6 ¶ 18.) However, these four individuals participated in conversations with at least one server wherein that server expressed dissatisfaction with sharing tips with kitchen staff. (Ex. 12 ¶¶ 3, 5-7.) In addition to the in-person conversations on this topic, Barr's and Ware's awareness

---

[5] Defendants also cite to deposition testimony of Defendant Ramseyer. However, as discussed in the Secretary's MSJ, Defendant Ramseyer's testimony supports, rather than refutes, the mandatory nature of the tip pool.

of that servers' tip pool complaints are documented in text messages. (*Id.*; Ex. 12-B; Ex. 12-C.) Thus, contrary to their declarations, Barr, Fox, Ware, and Pellow heard servers complain about sharing tips with kitchen staff. Because these declarations contain at least one demonstrably false statement, the declarations in their entirety are dubious. *See Colosi*, 965 F.2d at 503; *Aiello*, 104 F. Supp. 2d at 1071 ("The credibility of all of defendants' affidavit testimony has been compromised by their carelessness (at best) in submitting some that is untrue.").

Relatedly, all five declarations submitted by Defendants contain statements contrary to Defendant Ramseyer's own testimony regarding the frequency with which servers and baristas allegedly met to discuss the tip pool. Defendant Ramseyer testified employees only occasionally discussed the tip pool at staff meetings and estimated the topic arose "every couple of years," as "[i]t was not a hot topic." (Ex. 13 at 77:2-9.) However, Defendants' declarations assert the tip pool was discussed at the time each declarant was hired and at various staff meetings during each declarant's employment. (ECF Nos. 29-2 – 29-6 ¶ 13.) If the servers and baristas met about the tip pool every time one of the declarants was hired and at even just once during their employment thereafter, the frequency of the meetings would be far greater than every few years.

Additionally, the evidence suggests that the declarations of Barr, Pellow, and Jamie Barbre resulted from Defendants' improper influence over them. Defendant Ramseyer made Barr believe she had to "return[] the favor" to Defendants for their help when Barr was in a difficult situation. (Ex. 12 ¶ 5; Ex. 12-B.) Pellow and Barbre are deeply involved in the spiritual community ("Community") run by Din al-Dayemi, the head of the Dayemi Organization, and Defendant Ramseyer, his wife. (Ex. 12 ¶¶ 3-4; Ex. 14 ¶ 18.) The Secretary's declaration of an ex-Community member shows al-Dayemi expects Community members to be wholly obedient to him and exerts control over them through manipulation, making members believe what al-

4

Dayemi tells them to, even if contrary to their own experience. (Ex. 14 ¶¶ 4, 6-14.) Given the falsities in the declarations, it is reasonable to infer that the declarations of Barr, Pellow, and Barbre resulted from Defendants' improper influence.

Finally, even if the declarations are not altogether disregarded, they do not create a material issue of fact. Declarants' personal desire to contribute to the tip pool is irrelevant to the issue of whether the tip pool was required. Similarly, declarants' purported knowledge of the tip credit does not negate the evidence showing servers and baristas did not receive such notice in advance. Moreover, the declarants do not contradict the Secretary's evidence that: Defendants told new hires the tip pool was standard practice at Longbranch and created a written policy to reflect; the tip pool could not have been changed without management approval; and at least one server who tried to keep her tips was punished and made to comply with the tip pool.

3. **Defendants Fail to Refute Back Wages and Liquidated Damages Owed to Admittedly Misclassified Barista Manager.**

Although Defendants claim to have already paid back wages to admittedly misclassified barista manager Wilbur Davis, their evidence simply does not add up. Specifically, Defendants' evidence shows the payment only covers some of the weeks for which Defendants owe overtime compensation to Davis. Further, Defendants appear to have paid Davis at three different overtime rates with no explanation of how these rates were derived. *See* ECF No. 29-7. These incongruities, combined with Defendants' failure to notify the Secretary of the payment, make their claim unpersuasive. Moreover, even assuming *arguendo* Defendants paid Davis the back wages, the Secretary is still entitled to liquidated damages for the reasons set forth in his MSJ.

## CONCLUSION

Based on the foregoing, the Court should strike or disregard Defendants' declarations submitted as ECF Nos. 29-2 through 29-6 and find in favor of the Secretary on all issues.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____
**ELISABETH NOLTE**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
Nolte.Elisabeth.P@dol.gov
IL Bar No. 63221218

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

6

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2022, the **Secretary of Labor's Reply to Defendants' Response to the Secretary's Summary Judgment and attached exhibits** were filed using the CM/ECF System and served by email on the following:

>Shari R. Rhode, Esq.
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>shari@rhodelawfirm.com

>*/s/ Elisabeth Nolte*
>**ELISABETH NOLTE**
>Attorney


>United States Department of Labor,
>One of the Attorneys for Martin J. Walsh,
>Secretary of Labor