# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil action no.: 3:21-cv-00056-SMY<br>)<br>)  Judge Staci M. Yandle<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF INVESTIGATOR LINDSEY CORONA

I, **LINDSEY CORONA**, upon personal knowledge, do hereby state:

1. From August 2008 to the present, I have been employed by the U.S. Department of Labor, Wage and Hour Division ("WHD") as an Investigator in the St. Louis District Office located at 1222 Spruce Street, St. Louis, Missouri 63103.

2. My original declaration in the above-captioned matter contains a summary of my qualifications and the investigations I conducted of Dayemi Organization, Inc. d/b/a Longbranch Café & Bakery in the course of my duties as a WHD Investigator. *See* ECF No. 23-1. That information is incorporated herein by reference.

3. During my investigation, I determined Defendants owe $49,200.23 in back wages to 32 servers and baristas for unpaid minimum wage compensation because they do not qualify for a tip credit as a result of the invalid tip pool. *See* Corona Decl. ¶ 18a, ECF No. 23-1 at PageID #111. Because Defendants did not keep records of the amounts of tips each server and barista paid into the tip pool, I was unable to calculate the amount of back wages Defendants owe servers and baristas for unlawfully taken tips.

4. On February 25, 2022, in the course of contacting the individuals who gave declarations, I received tax records from former Longbranch employee Jennifer McSparin reflecting her net tips earned, tips received, and tips paid out to kitchen staff for August 2018 through March 2020. These records were not previously provided as they are unique to McSparin; Defendants did not keep records of tips given to kitchen staff by the servers and baristas.

5. I calculate Defendants owe McSparin $1,979 for the portion of her tips that were distributed to kitchen staff as a result of the invalid tip pool. I calculated this amount using the tax records provided by McSparin, true and correct copies of which are attached hereto as Exhibit 15-A[1]. In accordance with WHD policy, I calculated the tips owed to McSparin by adding up amount of tips paid out for each month of her employment, as reflected in the tax records. A true and accurate summary of my calculations of back wages for unlawfully utilized tips is submitted herewith as Exhibit 15-B.

6. The total back wages owed to McSparin is therefore $5,497.19, composed of $1,979 for unlawfully utilized tips and $3,518.19 for unpaid minimum wage compensation.

7. My updated and complete calculations of unpaid tips, minimum wage, and overtime compensation are summarized in the Form WH-56 and Form WH-55. True and accurate copies of these forms are submitted herewith as Exhibit 15-C.

8. Defendants have never informed me that they paid back wages owed to barista manager Wilbur Davis. During the investigation, I provided Defendants with a form to return if they agreed to pay any of the back wages. Defendants never returned this form. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

---

[1] Privacy information has been redacted.

United States of America that the foregoing is true and correct.


Date:         March 1, 2022

Signed:       *[signature: Lindsey Corona]*
              LINDSEY CORONA

3