UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil action no.: 3:21-cv-00056-SMY<br>)<br>) CJRA Track: B<br>)<br>) Trial Date: July 11, 2022<br>)<br>) Judge Staci M. Yandle<br>)<br>) |

### SECRETARY OF LABOR'S
### BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' JURY DEMAND REGARDING THEIR GOOD FAITH AFFIRMATIVE DEFENSE

Pursuant to FED. R. CIV. P. 39(a), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") respectfully moves this Court to strike the jury demand regarding the good faith affirmative defense asserted by Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants"). On January 15, 2021, the Secretary filed a complaint under sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or "Act"), against Defendants. (ECF No. 1). The Secretary's complaint alleges Defendants improperly took a tip credit for tipped employees in violation of the Act's minimum wage provisions, paid tipped employees less than one- and one-half times their regular rates for overtime work, and misclassified a manager as FLSA exempt in violation of the Act's overtime requirements. (*Id.*). Furthermore, the Secretary's complaint alleges Defendants failed to make and keep appropriate pay and time records in violation of the Act's recordkeeping requirements. (*Id.*). Defendants filed

an amended answer, which included the affirmative defense that "liquidated damages cannot be assessed because Defendants had reasonable grounds for believing that their pay practices fully complied with all applicable laws, including the FLSA." (ECF No. 16, PageID#49-50). Defendants also requested a jury trial "of all issues triable by jury." (ECF No. 13, PageID#28). As explained below, there is no right to a jury trial regarding Defendants' good faith defense.

I. <u>Defendants' Affirmative Defense to Liquidated Damages Under 29 U.S.C. § 260 Cannot Be Tried by a Jury.</u>

In determining whether a party has a right to a jury trial, courts must first determine whether such a right is addressed by statute. *Curtis v. Loether*, 415 U.S. 189, 192 (1974) ("[T]he cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the (constitutional) question may be avoided.") (internal citations omitted); *see, generally, Navarro v. Procter & Gamble Co.*, 529 F. Supp.3d 742, 751 (S.D. Ohio 2021) (a statutory right to a jury trial only arises out of an express Congressional statement). Here, as affirmed by longstanding precedent, the statutory text of section 260 of the Portal-to-Portal Act precludes a jury trial on said affirmative defense.

"By its terms, 29 U.S.C. § 216(b) requires that liquidated damages be awarded as a matter of right for violations of the FLSA." *Lorillard v. Pons*, 434 U.S. 575, 582 n.7 (1978). However, section 260 of the Portal-to-Portal Act provides the following defense to liquidated damages:

> [I]f the employer shows *to the satisfaction of the court* that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, *the court may, in its sound discretion*, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260 (emphasis added). Given the plain language of the statute, which assigns "the court" the "discretion" to determine whether an employer acted "in good faith" and "had reasonable grounds" for its actions, it is well-settled that liquidated damages defenses may not be adjudicated by juries. *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) ("[P]arties to § 216(c) actions never have a right to a jury trial on whether liquidated damages are to be awarded.") (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988), *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971), and 29 U.S.C § 260 (other citation omitted). *See also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) ("[T]he Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes.") (citing 29 U.S.C. § 260). Accordingly, Defendants' affirmative defense to liquidated damages cannot be tried by a jury.[1]

II.   Conclusion

For the foregoing reasons, the Secretary respectfully requests the Court to strike Defendants' demand for a jury trial on their good faith affirmative defense under 29 U.S.C. § 260.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____

---

[1] The jury may provide an advisory opinion to the Court regarding the Secretary's entitlement to liquidated damages. *See, e.g.*, *Rodriguez v. Demolition King, Inc.*, 2015 WL 1186031, at *1 (S.D. Fla. Mar. 9, 2015).

3

**ELISABETH NOLTE**
Trial Attorney


Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-7837
Fax No.: 312/353-5698
E-mail: nolte.elisabeth.p@dol.gov