UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 3:21-cv-00056-SMY ) ) CJRA Track: B |
| **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, | ) ) Presumptive Trial Month: July 2022 ) ) Judge Staci M. Yandle ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF SECRETARY OF LABOR'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OF INDUSTRY STANDARD AT TRIAL**

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary"), submits this memorandum in support of his *Motion in Limine to Exclude Evidence of Industry Standard at Trial*. This Court should prohibit Defendants from introducing evidence of industry standard on tip pooling at the trial because such evidence is wholly irrelevant to Defendants' liability for liquidated damages and poses a substantial risk of confusing the jury.

> I. **Evidence of Tip Pooling Practices in the Food Service Industry is Irrelevant to Defendants' Liability for Liquidated Damages**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is only relevant if it tends to make a fact more or less probable than without that evidence and the fact is consequential to the determination of the case. Fed. R. Evid. 401. Here, evidence of tip pooling practices in the food service industry is irrelevant to Defendants' liability for liquidated damages because (1) it does not affect the Defendants' presumptive liability; and (2) it does not affect the Defendants' use of any affirmative defenses. Therefore, such evidence should be excluded from trial.

1

     A.   <u>Evidence of Tip Pooling Practices in the Food Service Industry is Irrelevant to the Defendants' Violations.</u>

Under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq*. ("FLSA" or the "Act"), an employer who is liable for unpaid compensation shall also be liable for liquidated damages equal to the amount of unpaid compensation. 29 U.S.C. § 216(b); *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 404-05 (7th Cir. 1999). An employer is liable for unpaid minimum wages if it pays its employees less than $7.25 per hour. 29 U.S.C. § 206(a). Although an employer can meet its minimum wage obligation by claiming a tip credit, it must comply with several other requirements to exercise this exception. 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.54(c)(1)-(3). One such requirement provides that, to claim a tip credit, the employer may only operate a mandatory tip pool if the tip pool is "limited to employees who customarily and regularly receive tips." 29 C.F.R. § 531.54(c). Thus, if an employer requires tipped employees to participate in a tip pool that includes employees who do not "customarily and regularly receive tips," the tip pool is invalid, and the employer cannot claim a tip credit, and the employer is liable for paying the full federal minimum wage to the tipped employees. *Id.* An employer is liable for unpaid overtime compensation if it pays employees less than 1.5 times their regular rate for hours worked over 40. 29 U.S.C. § 207. For the purpose of calculating overtime pay for tipped employees, the regular rate includes the cash wage and tip credit taken by the employer, which must be at least $7.25 per hour. 29 C.F.R. §§ 531.60, 778.107; *see also Pizzella v. Diner*, No. 18-4663, 2021 WL 1649517, at *5 (E.D. Penn. Apr. 27, 2021).

The U.S. Supreme Court has long held that evidence of industry standard is generally irrelevant to the question of whether an employer is liable for violations of the FLSA. *See Barrentine v. Ark. Best Freight Sys.*, 450 U.S. 728, 741 (1981) (finding that, if an industry custom violates the FLSA, the fact that the industry custom is prevalent does not absolve

employers of their FLSA liability) (citing *Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602-03 (1944) (noting that the existence of an industry custom was "immaterial" if the custom violated the FLSA)). Similarly, the Seventh Circuit has refused to allow an industry standard to change the standard of conduct required by law. *See Worchester v. Pure Torpedo Co.*, 127 F.2d 945, 947 (7th Cir. 1942) ("The rule is well settled that a custom or usage cannot alter or change the standard of conduct required by law."); *see also Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 967-68 (7th Cir. 1983) ("[C]ompliance with custom is not a defense to negligence."). Thus, the restaurant industry's practices regarding tip pools are wholly irrelevant to the question of an employer's liability for operating an invalid tip pool.[1] *See Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-CIV, 2009 WL 465071, at *3 (S.D. Fla. Feb. 23, 2009) (granting an employee-plaintiff's motion in limine to exclude evidence of industry wide tip pooling practices because such practices do not impact the employer's FLSA liability). Here, evidence of tip pooling practices in the food service industry is irrelevant to the Defendants' liability under the FLSA because such evidence may not contravene the standard of conduct required by law. Therefore, this evidence does not affect the Defendants' liability for minimum wage or overtime violations and should be excluded from trial.

  B. <u>Industry Standard Is Irrelevant to Presumptive Liquidated Damages.</u>

---

[1] The only arguable relevance of customary practice is to the extent it reflects the <u>patron's</u> perspective on customarily and regularly tipped employees. *See Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 197-98 (5th Cir. 2015) (concurrence) (determining whether employees are "customarily and regularly tipped" by examining whether the specific business's customers present tips to those employees as a habitual practice); *Wajcman*, 2009 WL 465071, at *4. Here, the undisputed facts and established law demonstrate dishwashers and cooks are not "customarily and regularly tipped employees." *See* Sec'y's Mot. for Summary J., ECF No. 24, PageID #231; S. Rep. 93-690, at 43 (Feb. 22, 1974) (identifying dishwashers and cooks as customarily non-tipped employees); Dept. of Labor Field Operations Handbook § 30d04(a) (available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch30.pdf) (same). Moreover, Defendants do not dispute that their dishwashers and cooks are not customarily and regularly tipped employees. *See* Defs.' Resp. to Sec'y's Mot. for Summary J., ECF No. 29, PageID #313 (acknowledging "back of house staff like cooks and dishwashers . . . are not regularly tipped.").

Once an employer is found liable for unpaid wages, there is a "strong presumption" in favor of liquidated damages. *Shea v. Galaxie Lumber & Constr. Co. Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998); *Uphoff*, 176 F.3d at 405. Liquidated damages are not punitive but rather serve to make employees whole for wages not paid on time. *Reynoso v. Motel LLC*, 2014 WL 5392034, at *4 (N.D. Ill. Oct. 21, 2014). Liquidated damages are the norm, not the exception, in the Seventh Circuit. *Avitia v. Metropolitan Club of Chicago*, 49 F.3d 1219, 1223 (7th Cir. 1995). In fact, these damages are <u>mandatory</u>, unless an employer proves it "was acting in good faith and reasonably believed that its conduct was consistent with the law." *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998) (citing 29 U.S.C. § 260). Thus, if Defendants are found liable for unpaid minimum wage and overtime compensation, they are presumed liable for liquidated damages.

Evidence of tip pooling practices in the food service industry in no way affects this presumed liability. A proffered industry standard – that other restaurants purportedly include dishwashers and cooks in their mandatory tip pools – unquestionably is contrary to the FLSA. *See* 29 U.S.C. § 203(t) (defining a tipped employee as one whose occupation customarily receives tips). Because a prevalent practice "cannot be utilized to deprive employees of their statutory rights," this industry standard is irrelevant to the Defendants' FLSA liability. *See Barrentine*, 450 U.S. at 741. Furthermore, evidence of tip pooling practices does not reflect the patron's perspective, but rather reflects the employer's perspective because it is the employer's responsibility to operate the tip pool. Because this evidence will not shed light on the average customer's tipping expectations, it is irrelevant to the Defendants' FLSA liability and should be excluded from trial. *See Montano*, 800 F.3d 186, 197-98 (5th Cir. 2015) (describing the relevance of custom as limited to determining whether employees are customarily and regularly

tipped) (concurrence); *Wacjman*, 2009 WL 465071, at *3-4 (holding that evidence of industry-wide tip pooling practices was not an appropriate custom to consider when determining an employer's FLSA liability). If such evidence could be considered as a factor in determining the validity of Defendants' tip pool, the industry would effectively be allowed to "dictate the legality of its own practices." *Id.* at *3. Because evidence of industry standard is irrelevant to Defendants' presumptive liability for liquidated damages, it should also be excluded for that purpose.

      C. <u>Evidence of Tip Pooling Practices in the Food Service Industry is Irrelevant to the Defendants' Affirmative Defenses to Liquidated Damages.</u>

Liquidated damages are "mandatory" for FLSA violations, unless the employer proves that it was acting in good faith and with reasonable belief that its conduct was lawful. 29 U.S.C. § 260; *Shea*, 152 F.3d at 733. To invoke the reasonable good faith defense to liquidated damages, the employer must prove that it took "affirmative steps" to ascertain and comply with the FLSA's applicable legal obligations. *Pautlitz v. City of Naperville*, 874 F. Supp. 833, 835 (N.D. Ill. 1994) (citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908-09 (3rd Cir. 1991)). The Seventh Circuit has recognized this defense carries a particularly "substantial burden," *Bankston v. Ill.*, 60 F.3d 1249, 1254 (7th Cir. 1995), and should only be granted in limited circumstances, such as where the "violation was technical or inadvertent as opposed to deliberate. . . ." *Walden v. United Consumers Club, Inc.*, 786 F.2d 303, 308 (7th Cir. 1986).

The 'affirmative steps' test for the reasonable good faith defense focuses on the employer's actions to ascertain and comply with the law, not on the employer's actions to ascertain and comply with an industry standard. *See Barrentine*, 450 U.S. at 741 (noting that the FLSA was "not designed to codify or perpetuate" industry standards). The test may be satisfied where an employer can prove that its officials attended FLSA seminars, reviewed the law, or

consulted with its accountants or attorneys. *Pautlitz*, 847 F. Supp. at 835; *see Shea*, 152 F.3d at 733 (declining to grant the reasonable good faith defense where the employer did not consult with its accountant or attorney). The defense cannot be raised based on a mere ignorance of the law. *See Remelius v. Vaisala Inc.*, No. 15-CV-0553-MJR-SCW, 2016 WL 5847043, at *2 (S.D. Ill. Oct. 6, 2016) ("A reasonable man wouldn't see good faith merely because an employer was ignorant of a problem – a 'good heart but an empty head does not produce a defense.'"). Accordingly, "[f]ailure to take affirmative action to ascertain the Act's requirements 'precludes a finding of reasonable good faith,' even where the [employer's] practices conform to industry customs . . . ." *Pautlitz*, 874 F. Supp. at 835 (citing *Martin*, 940 F.2d at 908-09).

      Here, because evidence of tip pooling practices in the food service industry does not constitute an affirmative step, under the reasonable good faith defense, such evidence does not make it more or less likely that the Defendants could successfully raise the defense and should be precluded under Fed.R.Evid. 401. Defendants admittedly knew "nothing" about the FLSA and took no affirmative steps to ascertain whether their tip pool practices complied with the FLSA's requirements. *See* ECF No. 24-6 at 91:1-21, 94:17-96:24. Defendants did not consult with any financial or legal advisors or with any government resources. *Id.* Although Defendants claim that they believed their tip pool practices were compliant with the FLSA, they based this belief on Defendant Ramseyer Greenberg's industry experience and an alleged lack of employee complaints. Even taking Defendants' claim as true, these rationales do not demonstrate affirmative steps; rather, they demonstrate a passive ignorance of the law. *See Bankston*, 60 F.3d at 1255 ("The defendants failed to show how they took steps to be more certain of plaintiffs' status [under the FLSA]. The lack of such an inquiry indicates a lack of good faith in complying

6

with the responsibilities imposed by the FLSA."); *see Remelius*, 2016 WL 5847043, at *2 (requiring "an objectively honest go by an employer" to ascertain if its conduct was lawful).

Evidence of industry-wide tip pooling practices will not make the reasonable good faith defense any more established by Defendants. *See Pautlitz*, 874 F. Supp. at 835 (citing *Martin*, 940 F.2d at 908-09) (concluding that a lack of affirmative steps "'precludes a finding of reasonable good faith,'" even where the employer's practices conform to an industry standard). Because such evidence only shows Defendants' acquiescence with a trending practice and does not contemplate any of the Defendants' actions with respect to the law, it does not qualify as an 'affirmative step.' *Id.* Therefore, evidence of tip pooling in the food service industry is both irrelevant to the Defendants' presumptive liability for liquidated damages, as analyzed in the preceding section, and to the Defendants' ability to rebut its presumptive liability by invoking the reasonable good faith defense. Because such evidence is wholly irrelevant to the violations and Defendants' liability for liquidated damages, it should be excluded from trial pursuant to Federal Rule of Evidence 402.

**II.     Even if Deemed Relevant, the Probative Value of Evidence of Tip Pooling Practices in the Food Service Industry is Substantially Outweighed by a Danger of Confusing the Jury**

"The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting culminative evidence." Fed. R. Evid. 403. While the "law presumes that judges are not influenced by improper evidence brought before them," the law does not presume that juries possess similar expertise. *Ashford v. Gilmore*, 167 F.3d 1130, 1136 (7th Cir. 1999). Therefore, motions *in limine* are more likely to be granted in jury trials where there is a greater chance inapplicable evidence will result in

7

confusion or misapplication. *See Balschmiter v. TD Auto Fin. LLC*, No. 13-CV-1186-JPS, 2015 WL 2451853, at *1-2 (E.D. Wis. May 21, 2015) (finding the plaintiff's motion *in limine* was "unnecessary" in a bench trial).

To the extent the jury is permitted to render an advisory opinion on liquidated damages,[2] evidence of restaurant industry standards on tip pooling should also be excluded because any arguable probative value is substantially outweighed by the risk of confusing the jury. As analyzed in the preceding sections, the value of such evidence is minimal at best. It will have little to no bearing on Defendants' presumptive liability for liquidated damages or on Defendants' ability to rebut this presumption. On the other hand, such disingenuous evidence substantially threatens to confuse the issues and mislead the jury.

If evidence of tip pooling practices in the food service industry were admitted at trial, the jury will be confronted with two different and competing standards of conduct against which to compare the Defendants' conduct. While a judge may be able to juggle both standards of conduct, applying the correct standard under the correct circumstance to the correct degree, this task will likely be much more confusing for the lay juror. *See Scalia*, 2020 WL 2836185, at *2 (noting that the purpose of a motion *in limine* is to "focus the issues the jury will consider" in order to prevent confusion). This task is especially important considering that a prevalent industry practice cannot be used to lower the standard of conduct required by law. *See*

---

[2] As discussed in the Secretary's *Motion to Strike Defendants' Jury Demand Regarding their Good Faith Affirmative Defense* and supporting *Memorandum* [ECF Nos. 35, 36], the authority to render a determination on Defendants' liability for liquidated damages rests squarely with the Court, not the jury. 29 U.S.C. § 260; *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) ("[P]arties to § 216(c) actions never have a right to a jury trial on whether liquidated damages are to be awarded.") (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988), *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971), and 29 U.S.C § 260 (other citation omitted)); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) ("[T]he Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes."). However, a jury may provide an advisory opinion to the Court. *See, e.g.*, *Rodriguez v. Demolition King, Inc.*, 2015 WL 1186031, at *1 (S.D. Fla. Mar. 9, 2015).

*Barrentine*, 450 U.S. at 741 ("Any custom or contract falling short of [the FLSA's] basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights."). To ensure Defendants are held to the proper standard of conduct, and thus are appropriately held accountable for their actions, the Court should exclude evidence of tip pooling practices in the food service industry from trial pursuant to Federal Rule of Evidence 403.

### III. Conclusion

For the foregoing reasons, the Secretary respectfully requests that the Court grant his *Motion in Limine to Exclude Evidence of Industry Standard at Trial*.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Elisabeth Nolte*

**ELISABETH NOLTE**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
Nolte.Elisabeth.P@dol.gov
IL Bar No. 63221218

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2022, the **Secretary of Labor's Memorandum in Support of Plaintiff's Motion *in Limine* to Exclude Evidence of Industry Standard at Trial** was filed electronically using the CM/ECF System and served by email on the following:

Shari R. Rhode, Esq.
Rhode Law Firm
1405 West Main Street
Carbondale, IL 62901
shari@rhodelawfirm.com

*/s/ Elisabeth Nolte*
**ELISABETH NOLTE**
Attorney

United States Department of Labor,
One of the Attorneys for Martin J. Walsh,
Secretary of Labor