UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN WALSH** Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | Civil action no.:   21-cv-00056-SMY |

## DEFENDANTS' AMENDED MOTIONS IN LIMINE

NOW COME Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery, an Illinois corporation, and Elaine Ramseyer Greenberg, an individual, by and through their attorney, Shari R. Rhode of the Rhode Law Firm, and hereby move this honorable Court for an order *in limine* precluding Plaintiff and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to the following topics:

1. Settlement Discussion,

2. Testimony about alleged conduct by either defendant outside the relevant time period of plaintiffs investigation. See. Fed. R. Evid. 408.

3. Any statement or testimony that directly or indirectly refers to or mentions either Defendant and/or the Dayemi Community or any of it is members as a cult as it would be unduly prejudicial and confusing and may mislead the jury under Fed. R. Evid 403.  Such evidence was included in the Declaration of Todd Brown previously offered by Plaintiff in support of his Reply. (Doc 33-12)

1

4. Testimony of any witness who was not timely disclosed as determined by the Court.

5. Mentioning to the jury or introducing into evidence any matters related to alleged emotional distress damages as such are not recoverable under the FLSA.

6. The mention or suggestion to the jury of the probable testimony of a witness who is absent and/or not called as a witness to testify as it would be inadmissible hearsay, irrelevant and/or substantially more prejudicial than probative. See, Fed. R. Evid. 401, 402, and 403.

7. The mention of the financial status or income to the Longbranch for any year other than 2020 as it would be irrelevant and unfairly prejudice. Plaintiff's jurisdiction is based on the gross annual volume of sales of $500,000 or more. 29USC 203 (s)(1)(07). Defendants have only challenged this threshold in calendar year 2020. (Doc19 Page ID#74) Any discussion of gross annual revenue for years in which the Plaintiff's jurisdiction is not at issue would be irrelevant or more prejudicial then probative. See Fed. R Evid. 403.

8. Any witness or document not timely identified and/or produced by Plaintiff in response to Defendants' discovery requests. References to such documents would constitute unfair surprise and unduly prejudice Defendants in the presentation of their case. Sec, Fed. R. Evid 403.

9. Any mention in the presence of the jury to the Defendants' refusal to enter into any stipulation, including but not limited to offers the proof and admissability of evidence. Such could create prejudice in the minds of the jurors. Any such statements would be irrelevant. *See*, Fed. R. Evid. 401. Even if relevant, the prejudicial effect would far outweigh any potential probative value. See, Fed. R. Evid. 403.

10. Any lay opinions regarding whether pay practices of Defendants violated the FLSA.

*See*, Fed. R. Evid. 401, 402, 403, and 701.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that the Court enter an order *in limine* prohibiting Plaintiff and any witnesses called to testify on behalf Plaintiff from mentioning or entering into evidence, and from Plaintiff's counsel arguing about, any matter referred to above, and for such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/Shari R. Rhode
 Shari R. Rhode, Attorney for Defendants
 Bar No. 2324598
 Rhode Law Firm
 1405 West Main Street
 Carbondale, IL 62901
 Telephone: 618.549.4287
 Facsimile:  618.549.4343
 Email: efile@rhodelawfirm.com

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2022, a copy of the foregoing Defendants' Amended Motions in Limine were electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system and also served a copy upon:

Elisabeth Simcox Nolte
Region V | Office of the Solicitor | U.S. Department of Labor
230 S. Dearborn St., Rm. 844 | Chicago, IL 60604
312-353-7837 | nolte.elisabeth.p@dol.gov

/s/  Shari. R. Rhode
Shari R. Rhode