UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN WALSH** Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil action no.:  21-cv-00056-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Plaintiff filed a Motion *In Limine* requesting "all evidence regarding tip pooling practices in the food service industry" be barred at trial. Doc. 40 Page ID #457. For the reasons set out herein, Defendants request Plaintiff's Motion be denied.

### The Purpose of a Motion *in Limine*

"The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial." *Davis v. Nanny*, 2019 U.S. Dist. LEXIS 209123*2 (S.D. IL. Dec. 4, 2019). (internal citation omitted). A motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *United States v. Verges*, 2014 U.S. Dist. LEXIS 17969 (E.D. Va. Feb. 12, 2014).

### The Role of the Court

A court has the discretion to exclude or reduce liquidated damages if it "find that the defendant-employer was acting in good faith and reasonably believed that its conduct was consistent with the law." 29 U.S.C. § 260; *Shea* v. *Galaxie Lumber & Const. Co. Ltd.,* 152 F.3d 729, 733 (7th

Cir. 1998). Plaintiff cites no law from the 7th Circuit prohibiting testimony of any factor *per se* which the Court may not consider when exercising its discretion to determine whether liquidated damages should or should not be awarded *if* a defendant is found to have failed to comply with the FLSA.

The determination of good faith involves mixed questions of law and fact, requiring both factual determinations and legal applications. See *Jackson v. Go-Tane Servs., Inc.,* 56 F. App'x 267, 273 (7th Cir. 2003). The FLSA does not specify specific nor limited factors which are required to demonstrate an employer's good faith. An employer therefore should be allowed to present the evidence it relies upon to assert its good faith defense. Whether such evidence will be sufficient is a decision the Court should make only after hearing at trial the evidence of all Defendants' reasons for believing its acts or omissions were not a violation of the FLSA.

## Reasons to Deny Plaintiff's Motion

Plaintiff's Motion *in Limine* should be denied because it "lacks the necessary specificity with respect to the evidence" Plaintiff seeks to exclude. *Davis v. Nanny* at *2. (internal citation omitted). It is also so vague that it is impossible for Defendants to respond except to state that the Motion is premature as explained below. While it is Defendants burden to establish its good faith, without hearing the specific evidence offered in context, there is no way for the Court to determine at the pretrial stage whether any yet to be offered specific evidence is relevant to Defendants' subjective intent to comply with the FLSA. While any particular evidence may be insufficient *per se* to prove good faith, such evidence may still be relevant to the inquiry when considered in the totality of evidence offered to the Court.

Even the Plaintiff admits that "evidence of industry standard is *generally* irrelevant to the question of whether an employer is liable for violations of the FLSA." (citation omitted) (emphasis

added).  Doc. 41 Page ID #461.  Generally does not mean absolute.  It means the Court must hear the evidence to determine whether it has any probative value.  Until testimony is heard at trial, in context, it should not be barred.

Plaintiff cannot state with absolute certainty that an industry custom is never relevant.  For example, the FLSA definition of a "tipped employee" is one who engages "in an occupation in which he *customarily* and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t) (emphasis added).  While the definition of tipped employee is not the issue in this case, the statutory language cited suggest that industry norms can be an important consideration in the overall resolution of a case.

Plaintiff made a similar motion *in limine* to Exclude Evidence of Industry Standard which was denied by the Court in *Scalia v. Medical Staffing of America*, 2020 U.S. Dist. LEXIS 98604 (E.D.V.A. March 18, 2020) for some of the same reasons set out by Defendants herein.

## Conclusion

For these reasons, the Court is requested to deny Plaintiff's Motion in Limine to bar "all evidence regarding tip pooling practices in the food service industry" (Doc. 40 Page ID #457).

    Respectfully submitted,

By: /s/Shari R. Rhode
    Shari R. Rhode, Attorney for Defendants
    Bar No. 2324598
    Rhode Law Firm
    1405 West Main Street
    Carbondale, IL 62901
    Telephone: 618.549.4287
    Facsimile:  618.549.4343
    Email: efile@rhodelawfirm.com

## CERTIFICATE OF SERVICE

I certify that on June 22, 2022, a copy of the foregoing Defendants' Response in Opposition to Plaintiff's Motion in Limine was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system and also served a copy upon:

> Elisabeth Simcox Nolte
> Kevin Wilemon
> Region V | Office of the Solicitor | U.S. Department of Labor
> 230 S. Dearborn St., Rm. 844
> Chicago, IL 60604
> Email: nolte.elisabeth.p@dol.gov
>        Wilemon.Kevin@dol.gov

via electronic mail.

/s/ Shari. R. Rhode
Shari R. Rhode