## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARTIN WALSH**, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | Civil action no.: 21-cv-00056-SMY |
| v. | ) ) | |
| **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT'S OJBECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

NOW COME Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery, an Illinois corporation, and Elaine Ramseyer Greenberg, an individual, by and through their attorney, Shari R. Rhode of the Rhode Law Firm, and for their objection to the following Exhibits proposed by Plaintiff in his Rule 26(a)(3) disclosure (Doc. 45) state as follows:

| Exhibit No. | Bates Nos./Other Identifier | Description |
|---|---|---|
| | DOL DOCS 00055 | Dayemi Organization, Inc. Tax Return 2018<br><br>**OBJECTION**.<br>Lack of Relevance.  FRE 401.  More prejudicial then probative.  FRE 403.  The only potential relevance of a Defendant Dayemi's tax return would be to establish Plaintiff's jurisdiction which the Court has resolved.  Doc. 51. |

| | LB079 | Dayemi Organization, Inc. Tax Return 2019<br><br>**OBJECTION**.<br>Lack of Relevance. FRE 401. More prejudicial then probative. FRE 403. The only potential relevance of a Defendant Dayemi's tax return would be to establish Plaintiff's jurisdiction which the Court has resolved. Doc. 51. |
| --- | --- | --- |
| | LB080 | Dayemi Organization, Inc. Tax Return 2020<br><br>**OBJECTION**.<br>Lack of Relevance. FRE 401. More prejudicial then probative. FRE 403. The only potential relevance of a Defendant Dayemi's tax return would be to establish Plaintiff's jurisdiction which the Court has resolved. Doc. 51. |
| | N/A | PPP Loan Information for Longbranch Café<br><br>**OBJECTION**.<br>Lack of Relevance. FRE 401. More prejudicial then probative. FRE 403. PPP Loan information has nothing to do with establishing Plaintiff's jurisdiction which under the FLSA is to be based on "annual gross volume of sales." 29 U.S.C. § 201(s)(1)(A)(ii). |
| | N/A | PPP Loan Information for Dayemi Organization, Inc.<br><br>**OBJECTION**.<br>Lack of Relevance. FRE 401. More prejudicial then probative. FRE 403. PPP Loan information has nothing to do with establishing Plaintiff's jurisdiction which under the FLSA is to be based on "annual gross volume of sales." 29 U.S.C. § 201(s)(1)(A)(ii). |
| | DOL DOCS 000054 | Baraka Trust Information<br><br>**OBJECTION**.<br>The Baraka Trust is not a party to this litigation so any information related to the Trust is irrelevant (FRE 401) and even if it has any minimal relevance, it is more prejudicial than probative (FRE 403) because it adds on more Islamophobia to a case where numerous individuals including many of the purported witnesses of Plaintiff have publicly and repeatedly accused Defendants of being a cult and other untrue and anti-islamic attacks in social media. |

| | DOL DOCS 000057 | Secretary of State Corporate Information for Dayemi Organization, Inc.<br><br>**OBJECTION**.<br>Irrelevant.  FRE 401. |
|---|---|---|
| | DOL DOCS 000011 | Tip bucket photograph<br><br>**OBJECTION**.<br>Lack of foundation.   This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case. |
| | DOL DOCS 000012 | Tip bucket photograph<br><br>**OBJECTION**.<br>Lack of foundation.   This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case. |
| | DOL DOCS 000013 | Tip bucket labels photograph<br><br>**OBJECTION**.<br>Lack of foundation.   This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case. |
| | DOL DOCS 000014 | Tip bucket photograph<br><br>**OBJECTION**.<br>Lack of foundation.   This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case. |
| | DOL DOCS 000015 | Tip bucket photograph<br><br>**OBJECTION**.<br>Lack of foundation.  This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case. |

| | DOL DOCS 000016 | Schedule photograph<br><br>**OBJECTION**.<br>Lack of foundation.  This photograph provides no foundation as to whether it occurred in the investigative period defined by Plaintiff in Nature of the case, plus the proposed exhibit is substantially illegible. |
|---|---|---|
| | DOL DOCS 000058, ECF No. 33-3 | Tip Out Policy photograph<br><br>**OBJECTION**.<br>Lack of foundation.  This photograph provides no foundation as to whether it was in effect during the investigative period defined by Plaintiff in Nature of the case. |
| | DOL DOCS 000090 | Employee Conduct Report photograph<br><br>**OBJECTION**.<br>Irrelevant per 401. |
| | ECF No. 33-10 | Emails Declaring Tips<br><br>**OBJECTION**.<br>Defendants objection to pp. 1-4 prior to the response from Elaine Ramseyer.  The email from "jannais" dated March 22, 2020 is hearsay upon hearsay upon hearsay and therefore inadmissible under FRE 801(c).  Further, the email objected to is not subject to any hearsay exceptions. If not offered for the alleged truth of the assertions made therein, this email has no relevance and further lacks foundation to any of said allegations contained therein. Additionally, the email is argumentative and more prejudicial than probative in violation of FRE 403. |
| | ECF No. 33-16 | Forms WH-55 and WH-56<br><br>**OBJECTION**.<br>This Summary lacks the requirement for admissibility under FRE 1006.  The information allegedly utilized to create the summary is not so voluminous that can not be conveniently examined in Court.  This exhibit also lacks the Foundation required for admissibility. |

| | ECF No. 33-14 | McSparin Tax Forms |
|---|---|---|
| | | **OBJECTION**. The exhibit which purports to be McSparin Tax Forms are lacking foundation and completeness. |
| | ECF No. 33-15 | Back wage calculations for tips |
| | | **OBJECTION**. Lack of foundation.  Not a proper summary per FRE 1006. |
| | ECF No. 33-1 | McSparin Decl. |
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021).  Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c). |
| | ECF No. 33-4 | Zambetta Decl. |
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021).  Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c). |

| | ECF No. 33-5 | McBride Decl. |
|---|---|---|
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021). Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). |
| | ECF No. 33-6 | McSparin Supp. Decl. |
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021). Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). |
| | ECF No. 33-12 | Brown Decl. |
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021). Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). |

| | ECF No. 24-3 | Confidential Informant Decl. |
|---|---|---|
| | | **OBJECTION**. Declarations and Affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party. *Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326*16 (S.D. Fla. August 12, 2021). Further, each declaration contains inadmissible hearsay which "is defined as a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A confidential nature of this declarations hearsay exacerbates the issues of why the declarations offered by Plaintiff are inadmissible. |
| | DOL DOCS 000027-47 | Employee interview statements **OBJECTION**. Inadmissible hearsay without exception(s). FRE 801(c). |

Respectfully submitted,

By: /s/Shari R. Rhode
    Shari R. Rhode, Attorney for Defendants
    Bar No. 2324598
    Rhode Law Firm
    1405 West Main Street
    Carbondale, IL 62901
    Telephone: 618.549.4287
    Facsimile: 618.549.4343
    Email: efile@rhodelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant's Objections to Plaintiffs' Pretrial Disclosures was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Elisabeth Simcox Nolte
Kevin Wilemon
Region V | Office of the Solicitor | U.S. Department of Labor
230 S. Dearborn St., Rm. 844
Chicago, IL 60604
Email: nolte.elisabeth.p@dol.gov
        Wilemon.Kevin@dol.gov

via electronic mail.

/s/  Shari. R. Rhode
Shari R. Rhode