UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil action no.: 3:21-cv-00056-SMY ) ) CJRA Track: B |
| DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY, an Illinois corporation, and ELAINE RAMSEYER GREENBERG, an individual, | ) ) Trial Date: July 11, 2022 ) ) Judge Staci M. Yandle ) |
| Defendants. | ) ) |

**SECRETARY OF LABOR'S PRETRIAL DISCLOSURES**

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, and the Court's Case Management Procedures, Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary") hereby submits his pretrial disclosures.

**I.    Witnesses**

The Secretary may present testimony from the witnesses listed in the table below.

| Name | Contact Information[1] | Summary of Testimony |
|---|---|---|
| Wage & Hour Investigator ("WHI") Lindsey Corona | 1222 Spruce Street, St. Louis, MO 63103; 314-539-2706 (Contact through Secretary's counsel) | Expected to testify about: the Department of Labor's investigation of Defendants; the allegations in the Secretary's *Complaint*; the Secretary's back wage computations; Defendants' pay and recordkeeping practices; the hours employees worked; the compensation employees received, including Defendants' tip-pooling practices; Defendants' business structure and general operations; and employees' job duties, work activities, work locations, and other incidents of employment with Defendants at the time of the |

---

[1] To protect the personally identifying information of non-party witnesses, the parties have agreed to redaction of the contact information for non-party witnesses in the pretrial disclosures filed in the Court's electronic filing system. Such information

| | | |
|---|---|---|
| | | investigation. May also testify for impeachment and/or rebuttal purposes if needed. |
| Defendant Elaine Ramseyer Greenberg | Contacted through Defense Counsel | May be called to testify regarding Longbranch Café's annual dollar volume of sales for relevant periods, her role at the Longbranch Café, Dayemi Organization's organizational and corporate structure, Dayemi Organization's ownership and structure, Longbranch Café's compensation practices, operation of the tip pool at Longbranch Café, Longbranch Café's recordkeeping practices, Longbranch Café's overtime compensation practices, and facts related to the defenses raised by Defendants in this matter, including Defendants' contentions regarding liquidated damages. |
| Kim Veras | Contacted Through Defense Counsel | May be called to testify regarding her duties with respect to Longbranch Café finances, the organizational and corporate structure of Longbranch Café, Dayemi Organization's ownership and structure, and recordkeeping practices of Dayemi Organization and Longbranch Café and Bakery. |
| Wilbur Davis | Contacted through Defense Counsel | May be called to testify regarding the hours he worked for Longbranch Café and compensation provided to him, including unpaid overtime compensation. May also be called to testify regarding Defendants' pay practices generally, including creation and operation of the tip pool. |
| Jennifer McSparin | [redacted] | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Quintin McBride | [redacted] | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |

| | | |
|---|---|---|
| Lilly Dunkel | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Andrew Guyton | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Jennifer Haselhorst | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Dan Mendenall | ; | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Cierra Goolsby | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |

| | | |
|---|---|---|
| Olivia Zambetta | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Lindsay Cappelli | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Lana L. Frutoz | | Expected to testify about: employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |
| Todd Brown | | May testify about employment with Defendants; Defendants' compensation practices; hours worked; policies, practices, procedures, operations, communications regarding the tip pool at Longbranch Café; and the work environment and other incidents of employment at Longbranch Café. May also testify for impeachment and/or rebuttal purposes and regarding concerns of retaliation. |

If needed, the Secretary may also call any witnesses identified by Defendants, impeachment witnesses, and rebuttal witnesses.

## II. Deposition Testimony

The Secretary does not anticipate presenting any witness testimony by deposition transcript. The Secretary reserves the right to present the testimony of Defendant Elaine Ramseyer Greenberg by deposition transcript should she become unavailable to testify live at the trial. The Secretary may also use Defendant Ramseyer's deposition transcript for impeachment purposes if needed.

## III. Exhibits

The Secretary may offer the following evidentiary exhibits at the trial:

| Exhibit No. | Bates Nos./Other Identifier | Description |
|---|---|---|
| | ECF No. 19 | Defendants' Responses to Secretary's Requests for Admissions |
| | N/A | Defendants' Responses to the Secretary's Interrogatories & Verification |
| | DOL DOCS 00055 | Dayemi Organization, Inc. Tax Return 2018 |
| | LB079 | Dayemi Organization, Inc. Tax Return 2019 |
| | LB080 | Dayemi Organization, Inc. Tax Return 2020 |
| | N/A | PPP Loan Information for Longbranch Cafe |
| | N/A | PPP Loan Information for Dayemi Organization, Inc. |
| | DOL DOCS 000054 | Baraka Trust Information |
| | DOL DOCS 000057 | Secretary of State Corporate Information for Dayemi Organization, Inc. |
| | DOL DOCS 000011 | Tip bucket photograph |
| | DOL DOCS 000012 | Tip bucket photograph |
| | DOL DOCS 000013 | Tip bucket labels photograph |
| | DOL DOCS 000014 | Tip bucket photograph |
| | DOL DOCS 000015 | Tip bucket photograph |
| | DOL DOCS 000016 | Schedule photograph |
| | DOL DOCS 000058, ECF No. 33-3 | Tip Out Policy photograph |

|   | DOL DOCS 000090 | Employee Conduct Report photograph |
|---|---|---|
|   | ECF No. 33-10 | Emails Declaring Tips |
|   | ECF No. 33-16 | Forms WH-55 and WH-56 |
|   | ECF No. 33-14 | McSparin Tax Forms |
|   | ECF No. 33-15 | Back wage calculations for tips |
|   | ECF No. 33-1 | McSparin Decl. |
|   | ECF No. 33-4 | Zambetta Decl. |
|   | ECF No. 33-5 | McBride Decl. |
|   | ECF No. 33-6 | McSparin Supp. Decl. |
|   | ECF No. 33-12 | Brown Decl. |
|   | ECF No. 24-3 | Confidential Informant Decl. |
|   | DOL DOCS 000027-47 | Employee interview statements |
|   | N/A | Ramseyer Notice of Dep. |
|   | N/A | FRCP 30(b)(6) Notice of Dep |
|   | N/A | Transcript of Deposition for Defendant Ramseyer as FRCP 30(b)(6) witness and in personal capacity |
|   | N/A | Demonstrative – Tip Pool Policy |
|   | N/A | Demonstrative – Back Wage Calculations |
|   | N/A | Demonstrative – Tip Jar Photos |
|   | N/A | Demonstrative – Timeline of Discipline |
|   | N/A | Text messages, emails, or other documents used for impeachment and/or rebuttal purposes, or for retaliation concerns |

The Secretary reserves the right to supplement his pretrial disclosures, as needed, to the extent permitted by law and the Court.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_/s/ Elisabeth Nolte_

**ELISABETH NOLTE**
Trial Attorney

6

        Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-7837
Fax No.: 312/353-5698
E-mail: nolte.elisabeth.p@dol.gov

## CERTIFICATE OF SERVICE

I certify that on June 24, 2022, the **Secretary of Labor's Pretrial Disclosures**, with the identities of employee witnesses revealed, were electronically filed using the CM/ECF System and served by email on the following:

>Shari R. Rhode, Esq.
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>shari@rhodelawfirm.com

>*/s/ Elisabeth Nolte*
>**ELISABETH NOLTE**
>Attorney

>United States Department of Labor,
>One of the Attorneys for Martin J. Walsh,
>Secretary of Labor