UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, *Plaintiff*, <br><br> v. <br><br> **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, *Defendants*. | Civil action no.: 3:21-cv-00056-SMY <br><br> CJRA Track: B <br><br> Trial Start Date: July 11, 2022 <br><br> Judge Staci M. Yandle |

## SECRETARY OF LABOR'S TRIAL BRIEF

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary") submits this *Trial Brief* to highlight an anticipated evidentiary issue in his case against Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants").

**I.  Background**

The Secretary seeks to hold Defendants accountable to their employees for violating the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act"), during the period of February 6, 2018, through February 5, 2020 ("Investigation Period"). As previously discussed,[1] the Secretary alleges Defendants improperly took a tip credit for tipped employees in violation of the Act's minimum wage provisions because the tip pool was not voluntary. As the Court previously ruled, Defendants paid tipped employees less than one-and-one-half times their regular rates for overtime work, misclassified a manager as FLSA exempt in violation of the Act's overtime requirements, and failed to make and keep appropriate pay and time records in

---

[1] The Secretary previously detailed the evidence supporting his allegations in the Secretary's motion for summary judgment (ECF No. 23) and supporting memorandum (ECF No. 24), as well as the Secretary's reply memorandum (ECF No. 33).

1

violation of the Act's recordkeeping requirements. (Memorandum & Order, ECF No. 51, Page ID# 527-29).

## II. Anticipated Evidentiary Issue

The Secretary expects to offer employee statements (including conversations) through the testimony of Wage and Hour Investigator Lindsey Corona ("Investigator Corona") and former employees. These statements by employees "on a matter within the scope of that [employment] relationship and while it existed" are not hearsay under Federal Rule of Evidence 801(d)(2)(D).

### A. Employee Statements Are Not Hearsay

Rule 801(d)(2)(D) liberally allows for admission of employee statements because an employee is unlikely to make damaging statements about his employer unless those statements are true. *See Pappas v. Middle Earth Condo Ass'n,* 963 F.2d 534, 537 (2d Cir. 1992). Employee statements are admissible as party-opponent admissions because "typically the [employee] is well informed about acts in the course of the business, the statements are offered against the employer's interest and while the employment continues, the employee is not likely to make the statements unless they are true." MCCORMICK ON EVIDENCE § 259 (7th ed.). It is only necessary that the statement relate to an employee's responsibilities, duties, or powers. *See, e.g., EEOC v. Watergate at Landmark Condominium*, 24 F.3d 635, 640 (4th Cir. 1994); *Nekolny v. Painter,* 653 F.2d 1164, 1172 (7th Cir. 1981); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-CV-6500, 2022 WL 2073557, at *6 (N.D. Ill. June 9, 2022).

Here the statements and foundational testimony that will be offered from Investigator Corona and the Secretary's former employee witnesses meet the requirements of Rule 801(d)(2)(D) and are admissible.

1. <u>The Employees Were Employed by Defendants at the Time of Their Interviews</u>

Investigator Corona will testify on her investigation of Defendants' operations, including interviewing current employees regarding their employment with Defendants, most of which took place at the Longbranch Restaurant. Her testimony will lay the foundation to establish that she interviewed then-present employees. During her employee interviews, Investigator Corona obtained facts relating to their jobs, details about the work performed, and their wages, including the tip pool. Similarly, when former employees testify about statements made by their non-management[2] co-workers, they will testify the statements were made by their fellow employees while employed (along with the testifying witness) at the Longbranch Café.

2. <u>The Statements Concern Matters Within the Scope of Employment</u>

As Rule 801(d)(2)(D) permits, the Secretary will offer employees' statements (including conversations) against Defendants in support of the Secretary's case for liability and damages. The statements directly concern matters within the scope of the individual's employment relationship with Defendants. Specifically, the statements and conversations pertain to employees': (1) identities; (2) job titles and responsibilities; (3) hours worked; (4) rates and methods of pay, including the tip pool; (5) supervision; and (6) recordkeeping practices.

In similar FLSA actions brought by the Secretary, courts have routinely admitted Wage and Hour employee interview statements – or testimony about oral statements made to Wage and Hour – as non-hearsay under the rule. *Williams v. Tri-Cty. Growers, Inc.*, 747 F.2d 121, 133 (3d Cir. 1984); *Reich v. Chez Robert, Inc.*, 821 F. Supp. 967, 972 (D.N.J. 1993), *vacated on other grounds,* 28 F.3d 401 (3d Cir. 1994); *see also Scalia v. Hibachi Seafood Buffet H&Z, Inc.*, 2020 WL 1248338, at *2 n.1 (N.D. Ill. Mar. 16, 2020) (employee statements relied on by a Wage and

---

[2] Statements made by management employees or owners are not hearsay pursuant to Rule 801(d)(2)(A).

3

Hour Investigator in a summary judgment declaration "would likely be admissible at trial . . . [because] [t]he statements he relies on would not be hearsay, pursuant to Federal Rule of Evidence 801(d)(2)(D) . . . ."); *Walsh v. Kchao*, 2021 WL 4495910, at *5 (W.D. Okla. Sept. 30, 2021) (admitting anonymous employee statements about wages and working hours); *Perez v. Los Arcos Seafood & Grill, Inc.*, 2016 WL 1029519, at *4 (M.D. Tenn. Mar. 9, 2016) (admitting statements pertaining to employees' job, hours worked, and compensation); *Solis v. China Star of Wichita, Inc.*, 2012 WL 1059876, at *2 (D. Kan. Mar. 28, 2012) ("written statements concerning the hours worked and rates of pay are not hearsay").

Admission of the statements in FLSA litigation also fits within Seventh Circuit precedent in other employment matters. *See, e.g.*, *Simple v. Walgreen Co.*, 511 F.3d 668, 672 (7th Cir. 2007) (explaining in a Title VII case that "[A] subordinate's . . . account of an explanation of the supervisor's . . . understanding regarding the criteria utilized by management in making decisions on hiring, firing, compensation, and the like is admissible against the employer, regardless of whether the declarant has any involvement in the challenged employment action." (citing *Marra v. Philadelphia Housing Authority,* 497 F.3d 286, 298 (3d Cir. 2007)) (other citations omitted).

Just as the statements in these cases were admissible non-hearsay under Rule 801(d)(2)(D), the Court should permit testimony about the employee statements at issue here.

### B. Defendants' Commands to Participate in the Tip Pool Are Not Hearsay

To the extent former employees testify about being commanded to participate in a tip pool that required tipping out cooks and dishwashers, the commands themselves are not hearsay. "[A] command is not hearsay because it is not an assertion of fact." *Baines v. Walgreen Co.*, 863 F.3d 656, 662 (7th Cir. 2017) (quoting *United States v. White*, 639 F.3d 331, 337 (7th Cir. 2011),

and citing *United States v. Murphy*, 193 F.3d 1, 5 (1st Cir. 1999)) (other citation omitted). The Secretary anticipates testimony from Investigator Corona and former employees that the former employee witnesses were required by Defendants and the Longbranch Café's managers to participate in the tip pool. This is consistent with Defendants' "Tip Out Policy" document, which describes tipping out the cooks and dishwashers as one of its "Standard Operating Procedures." (*See* "Tip Out Policy," ECF No. 33-3, PageID # 266) ("STANDARD OPERATING PROCEDURES: . . . Tip out Kitchen, Dishwasher . . . 5% each."). Testimony about such statements do not fall within the definition of hearsay and are therefore admissible after the Secretary lays the proper foundation for such statements. *See Baines*, 863 F.3d at 662 (explaining a "statement" for purposes of hearsay is a person's 'oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.' Fed. R. Evid. 801(a). In other words, statements assert propositions that may be true or false. They are distinct from other forms of communication, such as questions or commands.").

### III. Conclusion

Based on the foregoing, testimony by former employee witnesses and Investigator Corona regarding statements made by then-current employees about the terms of their employment while employed by Defendants are not hearsay and are therefore admissible at trial.

                                                                                  Respectfully submitted,

                                                                                   **SEEMA NANDA**
                                                                                    Solicitor of Labor

                                                                                   **CHRISTINE Z. HERI**
                                                                                   Regional Solicitor

                                                                                      s/Kevin M. Wilemon
                                                                                   **KEVIN M. WILEMON**
                                                                                  U.S. Department of Labor
                                                                                  Office of the Solicitor

        230 South Dearborn Street, Rm. 844
        Chicago, Illinois 60604
        312-353-6973
        wilemon.kevin@dol.gov
        IL Bar No. 6301189

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

6

## **CERTIFICATE OF SERVICE**

I certify that on June 27, 2022, the **Secretary of Labor's Trial Brief** was filed using the CM/ECF System and served by email on the following:

> Shari R. Rhode, Esq.
> Rhode Law Firm
> 1405 West Main Street
> Carbondale, IL 62901
> shari@rhodelawfirm.com

        /s/ Kevin M. Wilemon
        **KEVIN M. WILEMON**
        Attorney