UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil action no.: 3:21-cv-00056-SMY ) ) CJRA Track: B |
| **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, | ) ) Trial Date: July 11, 2022 ) ) Judge Staci M. Yandle ) |
| Defendants. | ) ) |

**SECRETARY OF LABOR'S MOTION FOR CLARIFICATION OF MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART THE SECRETARY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary") hereby moves this Court for clarification of its *Memorandum and Order* granting in part and denying in part the Secretary's Motion for Summary Judgment [ECF No. 51]. In that Memorandum and Order, the Court granted summary judgment finding Defendants violated the overtime requirements of the Fair Labor Standards Act ("FLSA") by failing to pay servers and baristas at the appropriate overtime rate, denied as moot summary judgement on overtime violations for Barista Manager Wilbur Davis because Defendants paid back wages owed to him, and granted the Secretary's request for liquidated damages on the overtime claims. The Secretary seeks clarification on two issues: (1) whether the Court awarded back wages as a result of Defendants' overtime violations for servers and baristas and (2) whether the Court's award of liquidated damages for overtime violations include the violations related to Barista Manager Davis, in addition to the overtime violations for the servers and baristas. Counsel for the Secretary conferred with Defendants' counsel on June 27, 2022, and Defendants object to the

Secretary's request for clarification on these issues and request either an opportunity to file the basis for their objection in writing by June 30, 2022, or to address the issue during the final pretrial conference on June 29, 2022.

**Award of Back Wages for Server and Barista Overtime Violations**

In its *Memorandum and Order*, the Court found Defendants violated the FLSA's overtime requirements by paying servers and baristas at the lawful overtime rate for hours worked over 40 per workweek. Specifically, the Court stated, "Given Longbranch's admission that it failed to pay servers and baristas at the requisite overtime rate, summary judgment will be granted on this claim as to servers and baristas." ECF No. 51, PageID#527. However, the Court did not make an explicit ruling on the Secretary's request for a summary decision as to back wages owed to servers and baristas as a result of Defendants' overtime violations.

In the Secretary's Motion for Summary Judgment and supporting documents, the Secretary sought a ruling in his favor that the Wage and Hour Division properly calculated back wages owed to servers and baristas due to Defendants' overtime violations. *See* ECF No. 24, PageID#237. Additionally, the Secretary introduced evidence showing Defendants owe $126.01 to five servers and baristas who worked more than 40 hours during some workweeks of the investigation period and were not paid at the correct overtime rate and explaining how that amount was calculated based on Defendants' records. Decl. of WHI Corona ¶ 18.b, ECF No. 23-1, PageID#111-12. The Secretary also provided a breakdown of the exact amounts of unpaid overtime compensation owed to each of the five servers and baristas and the basis for his computations. See Back Wage Calculations (Forms WH-55 and WH-56), ECF No. 23-5. Defendants had the opportunity to address the Secretary's evidence on back wage calculations in their reply to the Secretary's *Motion for Summary Judgment*. <u>Defendants chose to forgo this</u>

opportunity to present evidence to dispute the Secretary's back wage calculations. *See* ECF No. 29, PageID#315 (arguing against the Secretary's other sought-after remedies but not disputing back wages). Their sole argument with respect to overtime back wages for servers and baristas is as follows: "Defendants' mistake was de minimus [sic] as can be seen from Plaintiff's calculation that Defendants improperly paid overtime to five (5) of those individuals who were owed a total of $126.01." ECF No. 29, PageID#315.

Because the issue of the correct amount of back wages owed to servers and baristas for unpaid overtime compensation was fully briefed by the Secretary on summary judgment, and Defendants failed to produce any evidence whatsoever to dispute the Secretary's calculations, clarification is needed as to the amount of back wages awarded to servers and baristas as a result of Defendants' overtime violations. The exclusion of such a ruling in the Court's Memorandum and Order does not entitle Defendants to a second bite at the apple on this issue.

**Entitlement to Liquidated Damages for Barista Manager Davis Overtime Violations**

With respect to overtime violations for Barista Manager Davis, who was admittedly not paid a high enough weekly salary to be overtime exempt, the Court denied summary judgment as moot because "Davis has been fully compensated for his overtime work during the investigation period." ECF No. 51, PageID#527-28. The Court also rejected Defendants' good faith defense to liquidated damages and held "the Secretary's request for liquidated damages is granted as to the overtime claim." *Id.* PageID#529-30.

The Court's opinion does not expressly address whether its finding the Secretary is entitled to liquidated damages for the overtime claims includes Barista Manager Davis in addition to the servers and baristas. As argued by the Secretary in his *Memorandum in Support of his Motion for Summary Judgment* and *Reply*, even if Defendants have now paid back wages due

to Barista Manager Davis, they are still liable for liquidated damages as a result of their overtime violation. *See* ECF No. 24, PageID#238-39; ECF No. 33, PageID#357. As this Court noted in its Memorandum and Order, "[l]iquidated damages are 'mandatory for FLSA violations unless the court finds that the employer was acting in good faith and reasonably believed that its conduct was consistent with the law." ECF No. 51, PageID#529 (quoting *Shea v. Galaxie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). Because the Court found Defendants failed to establish a defense to mandatory liquidated damages, the Secretary believes inclusion of Barista Manager Davis in the award of liquidated damages is appropriate and seeks confirmation from the Court as to such.

## Conclusion

Based on the foregoing, the Secretary respectfully requests the Court issue an Order clarifying its *Memorandum and Order* granting in part and denying in part the Secretary's Motion for Summary Judgment [ECF No. 51] with respect to back wages to be awarded to servers and baristas for Defendants' overtime violations and inclusion of Barista Manager Davis in the Court's award of liquidated damages to the Secretary.

                Respectfully submitted,

                **SEEMA NANDA**
                Solicitor of Labor

                **CHRISTINE Z. HERI**
                Regional Solicitor

                */s/ Elisabeth Nolte*
                **ELISABETH NOLTE**
                Trial Attorney

                Attorneys for **MARTIN J. WALSH**

Secretary of Labor
U.S. Department of Labor
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-7837
Fax No.: 312/353-5698
E-mail: nolte.elisabeth.p@dol.gov

## **CERTIFICATE OF SERVICE**

I certify that on June 28, 2022, the **Secretary of Labor's Motion for Clarification of Memorandum and Order Granting in Part and Denying in Part the Secretary's Motion for Summary Judgment** was filed using the CM/ECF System and served by email on the following:

>Shari R. Rhode, Esq.
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>shari@rhodelawfirm.com

>*/s/ Elisabeth Nolte*
>**ELISABETH NOLTE**
>Attorney