**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-cv-56-SMY |
| vs. | ) ) |
| DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY, an Illinois Corporation, and ELAINE RAMSEYER GREENBERG, an Individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## FINAL PRETRIAL ORDER

**YANDLE, District Judge:**

**I.   COUNSEL OF RECORD**

**Attorney(s) for Plaintiff(s):**

Kevin Wilemon, Senior Trial Attorney, 312-353-6973, wilemon.kevin@dol.gov
Elisabeth Nolte, Trial Attorney, 312-353-7837, nolte.elisabeth.p@dol.gov
U.S. Department of Labor, Office of the Solicitor, Region V
230 S. Dearborn Street, Ste. 844
Chicago, IL 60604

**Attorney(s) for Defendant(s):**

Shari R. Rhode, Attorney at Law
Rhode Law Firm
1405 West Main Street
Carbondale, IL 62901
618-549-4287
shari@rhodelawfirm.com

**II.   NATURE OF THE CASE**

This case is about whether Defendants Dayemi Organization, Inc. d/b/a Longbranch Café & Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants") violated the minimum wage requirements of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201 *et seq.* ("FLSA") during the period of February 6, 2018, through February 5, 2020 ("Investigation Period").

### III. SUBJECT MATTER JURISDICTION

This is an action for back wages, liquidated damages, and injunctive relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

The basis for the Court's subject matter jurisdiction is §§ 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, and 28 U.S.C. § 1345.

This Court has subject matter jurisdiction.

### IV. STIPULATED FACTS

The following facts are not disputed:

Defendants' Business Operations and Coverage under the Fair Labor Standards Act

1. Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery ("Defendant Dayemi Longbranch") is a corporation operating in Carbondale, Illinois.

2. Longbranch Café and Bakery is a for-profit businesses operated by Dayemi Organization, Inc. It is composed of a full-service café/restaurant located at 100 E. Jackson St., and an off-site bakery located 0.1 miles away from the Café at 218 N. Illinois St.

3. Defendant Dayemi Longbranch was a covered enterprise under the Fair Labor Standards Act for the entire Investigation Period.

4. Defendant Elaine Ramseyer Greenberg ("Defendant Ramseyer") is, and at all relevant times was, the General Manager of Longbranch Café and Bakery.

5. As General Manager, Defendant Ramseyer oversees the Café's daily operations and hires, supervises, and fires Café employees. She also oversees operations of the Bakery, procures supplies, hires employees, and provides guidance regarding employee discipline.

6. Defendant Ramseyer is an employer under the Fair Labor Standards Act.

7. Defendants were subject to the FLSA's minimum wage and recordkeeping requirements during the entire Investigation Period.

Defendants' Compensation Practices

8. Defendants paid servers and baristas working at the Café $5.00 or $5.50 per hour.

9. Because Defendants paid servers less than the federal minimum wage, Defendants took a

tip credit to make up for the rest of their minimum wage obligations to servers and baristas.

10. Defendants paid cooks and dishwashers working at the Café at least $8.25 per hour.

Operation of the Tip Pool

11. Defendants operated a tip pool at Longbranch Café during the Investigation Period.

12. The tip pool has been in place at Longbranch Café for at least 15 years prior to the Department of Labor's investigation.

13. The tip pool operated as follows: servers and baristas placed all tips received during a shift into a tip jar. At the end of each shift, money from the tip jar was distributed to employees who worked that shift as follows: 90% divided between the servers and baristas on that shift, 5% to the cook(s), and 5% to the dishwasher.

14. Cooks and dishwashers worked in the kitchen at the Café. Customers did not generally have access to the kitchen.

15. Café's dishwashers and cooks had *de minimis* contact, if any, with customers.

16. Cooks and dishwashers at the Café were not customarily and regularly tipped employees.

The parties propose to convey these facts to the jury in the following manner: the Court will convey the facts to the jury.

The Court made the following rulings:

1. Defendants were covered by the FLSA during the investigation period and subject to the FLSA's minimum wage, overtime, and recordkeeping obligations.

2. The Secretary has established Defendants violated the FLSA's overtime requirements with respect to baristas and servers.

3. Defendants have paid Barista Manager Wil Davis back wages owed to him for unpaid overtime compensation, rendering that violation moot.

4. Defendants failed to keep and maintain accurate records regarding employee compensation and failed to retain records concerning employee hours for the requisite time period.

5. The Secretary's request for liquidated damages is granted as to the overtime claim.

The Secretary contends that the fact findings and legal conclusions of the Court in rendering the above noted rulings should be considered to the extent relevant to the issue of injunctive relief.

V.  **ISSUES**

1. Issues of law for the Court to decide:
    a. Whether Defendants can establish a defense to liquidated damages by proving they acted in good faith and had a reasonable belief their conduct was complied with the FLSA?

2. Issues for the Jury to decide:
    a. Were Defendants' servers and baristas required to participate in a mandatory tip pool that included non-tipped employees, who did not customarily and regularly receive tips?
    b. If found liable, what is the amount of back wages Defendants owe to their tipped employees?

VI. **WITNESSES**

**NOTE: Identification of witnesses in this Final Pretrial Order does not relieve the parties of their obligation to timely file pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). The parties should simply list below the witnesses that have been disclosed pursuant to Rule 26(a)(3) whom they intend to call at trial. Every party to the action should include a list of witnesses in the form set forth below. Any witness not properly disclosed will not be allowed to testify.**

Plaintiff intends to call the following witnesses:

Expert witnesses: N/A

Non-expert witnesses:

1. Wage and Hour Investigator Lindsey Corona
2. Defendant Elaine Ramseyer Greenberg
3. Kim Veras
4. The Secretary expects to call as witnesses the 11 former employees of Longbranch Café and Bakery listed below. The identities of these witnesses were previously withheld pursuant to the Secretary's *Motion for Extension of Deadline to Identify Certain Trial Witnesses in FRCP 26(a)(3) Disclosures* [ECF No. 38]:
    a. Jennifer McSparin
    b. Quintin McBride
    c. Lilly Dunkel
    d. Andrew Guyton
    e. Jennifer Haselhorst
    f. Dan Mendenall
    g. Cierra Goolsby
    h. Olivia Zambetta
    i. Lindsey Cappelli
    j. Lana Frutoz

      k.  Todd Brown

The Secretary also may call any witnesses identified by Defendants, impeachment witnesses, and rebuttal witnesses.

Defendant intends to call the following witnesses:

    Expert witnesses: N/A

    Non-expert witnesses:

1. Elaine Ramseyer Greenberg;
2. Kim Veras;
3. Jamie Barbre;
4. Raine Fox;
5. Madison Pellow;
6. Melinda Ware;
7. Jailel Barr
8. Jacob Gorecki

Defendants may call:
1. Wil Davis

Defendants also may call any witnesses identified by the Secretary, impeachment witnesses, and rebuttal witnesses.

## VII. EXHIBITS

Both parties filed their pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) on June 10, 2022.

Joint Exhibits:
1. New Hire Handbook;

The Secretary identifies the following expected or possible exhibits:
1. Defendants' Responses to Secretary's Requests for Admissions;
2. Defendants' Responses to the Secretary's Interrogatories & Verification;
3. Tip bucket photographs;
4. Tip bucket labels photograph;
5. Schedule Photograph;
6. Tip Out Policy Photograph;
7. Employee Conduct Report Photograph;
8. Emails Declaring Tips;
9. Wage and Hour Forms WH-55 and WH-56;
10. McSparin Tax Forms;
11. Back wage calculations for tips;

12. Payroll spreadsheet provided by Defendants during investigation;
13. Ramseyer Notice of Deposition;
14. FRCP 30(b)(6) Notice of Deposition;
15. Transcript of Deposition for Defendant Ramseyer as FRCP 30(b)(6) witness and in personal capacity;
16. Demonstrative exhibits;
    a. Tip Pool Policy;
    b. Back Wage Calculations;
    c. Tip Jar Photos;
    d. Timeline of Discipline;

The Secretary may also offer the following exhibits:
1. McSparin Decl.;
2. Zambetta Decl.;
3. McBride Decl.;
4. McSparin Supp. Decl.;
5. Brown Decl.;
6. Confidential Informant Decl.;
7. Employee interview statements;
8. Text messages, emails, or other documents used for impeachment and/or rebuttal purposes, or for retaliation concerns.

Defendants' objections to the Secretary's pretrial disclosures have been filed at ECF No. 53.

Defendants identify the following expected or possible exhibits:
1. Payroll records provided by Defendants during investigation;
2. Plaintiff's Answers and/or supplemental answers to interrogatories.

The Secretary does not object to the exhibits identified in Defendants' pretrial disclosures.

**NOTE:** The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

In addition to the provisions of Rule 26, the parties shall **jointly** prepare an Exhibit List stating the number and brief description of each exhibit they expect to present at trial. The Exhibit List must be submitted by email to Judge Yandle's proposed document in-box at: SMYpd@ilsd.uscourts.gov at least 2 **business days** before the first day of trial using Judge Yandle's approved form. A copy of that blank form can be found by accessing Judge Yandle's Case Management Procedures. The parties may also request the template by contacting Judge Yandle's Courtroom Deputy, Stacie Hurst, at (618) 439-7744 or by email at Stacie_Hurst@ilsd.uscourts.gov. Detailed instructions for completing the Exhibit List are explained in Judge Yandle's Case Management Procedures available on the Court's

website, www.ilsd.uscourts.gov.

## VIII. DAMAGES

The Secretary seeks back wages, which are itemized by employee at ECF No. 33-16; liquidated damages in an amount equal to back wages; and an injunction for future compliance with the FLSA.

## IX. BIFURCATED TRIAL

The parties do not request a bifurcated trial.

## X. TRIAL BRIEFS

The Secretary intends to file a trial brief on or before the deadline of June 27, 2022. Defendants do not anticipate filing a trial brief.

**NOTE:** Judge Yandle does not *require* trial briefs. In certain cases, Judge Yandle may direct the parties to file trial briefs on a particular legal issue. Moreover, if there are complex evidentiary or other issues which trial briefs would help clarify, the parties should file trial briefs no later than **14 calendar days** prior to the first day of trial. Trial briefs should not be used to rehash issues previously rejected by the Court via ruling on a dispositive motion.

## XI. MOTIONS *IN LIMINE*

The Secretary has filed one motion *in limine* and Defendants have filed ten motions *in limine*, which are pending rulings by the Court. The parties do not expect to file any additional motions *in limine*.

**NOTE:** Unless the Court, by written Order or Notice in a particular case, has set a different deadline, all motions *in limine* must be filed **no later than 21 calendar days before the Final Pretrial Conference**. Responses to motions *in limine* must be filed **no later than 14 days after the date the motion is filed**. Judge Yandle will hear argument on motions *in limine* at the Final Pretrial Conference, or she may schedule a separate hearing on motions *in limine*. Given the nature of motions *in limine*, failure to file motions by the deadline generally will not prejudice a party's ability to move *in limine* before the jury is impaneled. Later-filed motions, however, may be stricken if their consideration would delay the start of trial.

## XII. JURY INSTRUCTIONS

The parties do not anticipate any issues with regard to routine jury instructions on credibility, burden of proof, and other general issues. The parties will work together to attempt to resolve any issues with jury instructions.

**NOTE:** Jury instructions should be provided in Microsoft Word format by email to SMYpd@ilsd.uscourts.gov no later than 2 business days prior to the first day of trial. Each instruction should be marked to designate the party offering the instruction (e.g., "Plaintiff's Instruction No. 1" or "Parties Agreed Instruction No. 1") and the source of the instruction (e.g., "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions***. If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions. The Court will compile a packet of proposed final instructions and give the instructions to the parties during trial before a formal jury instruction conference is held.

XIII.   **LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

    A.    **Trial Date.** Trial is set for July 11, 2022.

    B.    **Length of Trial.** The probable length of trial is 5 days. The case will be listed on the trial calendar to be tried when reached.

    **Mark Appropriate Box:** JURY. . . . X     NON-JURY. . . . ☐

    C.    **Number of Jurors.** There shall be a minimum of 6 jurors.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

**IT IS SO ORDERED.**

**DATED:  June 29, 2022**

*(signature)*

**STACI M. YANDLE**
**United States District Judge**