IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-cv-56-SMY |
| vs. | ) ) ) |
| DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY, an Illinois Corporation, and ELAINE RAMSEYER GREENBERG, an Individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor (the "Secretary") (Doc. 40) and Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg (Doc. 47).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). "Denial of a motion *in limine* does not necessarily mean that all

evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, the Court rules as follows.

### *The Secretary's Motion in Limine (Doc. 40)*

1. The Secretary moves to exclude all evidence regarding tip pooling practices in the food service industry and Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg's (collectively, "Defendants") compliance with those tip pooling practices. Evidence of an industry standard regarding a tipping pool is irrelevant and immaterial as to whether there was a statutorily valid tipping pool in this case and could mislead the jury. Accordingly, the motion is **GRANTED**.

### *Defendants' Amended Motion in Limine (Doc. 47)*

1. Defendants moves to exclude settlement discussions. Evidence regarding settlement discussions is irrelevant and immaterial. Therefore, the motion is **GRANTED**.

2. Defendants move to exclude testimony about alleged conduct by either Defendant outside the relevant investigation period. The motion is **GRANTED** except as to relevant evidence regarding Defendants' tip pool practices.

3. Defendants move to exclude any statement or testimony that directly or indirectly refers to or mentions either Defendant and/or the Dayemi Community or any of it is members as a cult. Reference to the Defendant or the Dayemi Community as a cult is barred. Additionally, evidence or statements regarding the religious/spiritual nature, practices, or dynamics of the Dayemi Community irrelevant, immaterial. Accordingly, the motion is **GRANTED**.

4. Defendants move to exclude testimony of any witness who was not timely disclosed as determined by the Court.  The motion is **WITHDRAWN**.

5. Defendants move to exclude mentioning to the jury or introducing into evidence any matters related to alleged emotional distress damages as such are not recoverable under the FLSA.  Such evidence is irrelevant and immaterial.  Therefore, the motion is **GRANTED**.

6. Defendants move to exclude the mention or suggestion to the jury of the probable testimony of a witness who is absent and/or not called as a witness to testify.  The motion is **GRANTED**.

7. Defendants move to exclude the mention of the financial status or income to the Longbranch for any year other than 2020 as it would be irrelevant and unfairly prejudice.  The motion is **WITHDRAWN**.

8. Defendants move to exclude any witness or document not timely identified and/or produced by Plaintiff in response to Defendants' discovery request.  The motion is **GRANTED** to the extent it reflects F.R.C.P. 26.

9. Defendants move to exclude any mention in the presence of the jury to the Defendants' refusal to enter into any stipulation, including but not limited to offers the proof and admissibility of evidence.  The motion is **GRANTED**.

10. Defendants move to exclude any lay opinions regarding whether pay practices of Defendants violated the FLSA.  The motion is **GRANTED** to the extent that witnesses will be prohibited from giving lay opinions as to whether certain actions violated the FLSA.

**IT IS SO ORDERED.**

**DATED:  June 29, 2022**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**