# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

## MINUTES OF JURY TRIAL

| | | |
|---|---|---|
| DATE: July 12, 2022 | DAY: 1 | CASE NO.  21-cv-56-SMY |
| PRESIDING:   HON. STACI M. YANDLE | | |

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | COURT REPORTER: Chris LaBuwi |
| Plaintiff, | COURTROOM DEPUTY: Stacie Hurst |
| | CONVENED:       9:16 AM |
| vs. | ADJOURNED:    4:18 PM |
| DAYEMI ORGANIZATION, INC., | CIVIL:       X |
| Defendant. | RECESS:   9:23 – 9:40 a.m.; 11:59 a.m. – 3:05 p.m. |

**Counsel for Plaintiff:**   Elisabeth P. Nolte, Kevin Wilemon

**Counsel for Defendants:**   Shari Rhode

**Cause called for Jury Trial; Voire Dire held; Parties and Counsel present; 26 jurors called; 18 jurors challenged**

**Opening statement by Elisabeth Nolte on behalf of Plaintiff.**
**Opening statement by Shari Rhode on behalf of Defendant.**

**The Court reads the following Stipulation of Facts to the Jury:**

1. Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery ("Defendant Dayemi Longbranch") is a corporation operating in Carbondale, Illinois.

2. Longbranch Café and Bakery is a for-profit businesses operated by Dayemi Organization, Inc. It is composed of a full-service café/restaurant located at 100 E. Jackson St., and an off-site bakery located 0.1 miles away from the Café at 218 N. Illinois St.

3. Defendant Dayemi Longbranch was a covered enterprise under the Fair Labor Standards Act for the entire Investigation Period.

4. Defendant Elaine Ramseyer Greenberg ("Defendant Ramseyer") is, and at all relevant times was, the General Manager of Longbranch Café and Bakery.

5. As General Manager, Defendant Ramseyer oversees the Café's daily operations and hires, supervises, and fires Café employees. She also oversees operations of the Bakery, procures supplies, hires employees, and provides guidance regarding employee discipline.

6. Defendant Ramseyer is an employer under the Fair Labor Standards Act.

7. Defendants were subject to the FLSA's minimum wage and recordkeeping requirements during the entire Investigation Period.

8. Defendants paid servers and baristas working at the Café $5.00 or $5.50 per hour.

9. Because Defendants paid servers less than the federal minimum wage, Defendants took a tip credit to make up for the rest of their minimum wage obligations to servers and baristas.

10. Defendants paid cooks and dishwashers working at the Café at least $8.25 per hour.

11. Defendants operated a tip pool at Longbranch Café during the Investigation Period.

12. The tip pool has been in place at Longbranch Café for at least 15 years prior to the Department of Labor's investigation.

13. The tip pool operated as follows: servers and baristas placed all tips received during a shift into a tip jar. At the end of each shift, money from the tip jar was distributed to employees who worked that shift as follows: 90% divided between the servers and baristas on that shift, 5% to the cook(s), and 5% to the dishwasher.

14. Cooks and dishwashers worked in the kitchen at the Café. Customers did not generally have access to the kitchen.

15. Café's dishwashers and cooks had *de minimis* contact, if any, with customers.

16. Cooks and dishwashers at the Café were not customarily and regularly tipped employees.

**PLAINTIFF WITNESSES:**
(1)   Jennifer McSparin               time:   3:44 p.m. – 4:18 p.m.

**PLAINTIFF EXHIBITS:**
**4, 7, 11**

**Jury Trial set to resume on July 13, 2022, at 9:00 AM in Benton Courthouse before Judge Staci M. Yandle.   Counsel should be present at 8:30 AM.**