Members of the jury, you have seen and heard all the evidence.  Now I will instruct you on the law, and then you will hear the arguments of the attorneys.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

The parties have stipulated, or agreed, to the following facts:

1.      Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery ("Defendant Dayemi Longbranch") is a corporation operating in Carbondale, Illinois.

2.      Longbranch Café and Bakery is a for-profit business operated by Dayemi Organization, Inc.  It is composed of a full-service café/restaurant located at 100 E. Jackson St., and an off-site bakery located 0.1 miles away from the Café at 218 N. Illinois St.

3.      Defendant Dayemi Longbranch was a covered enterprise under the Fair Labor Standards Act for the entire Investigation Period.

4.      Defendant Elaine Ramseyer Greenberg ("Defendant Ramseyer") is, and at all relevant times was, the General Manager of Longbranch Café and Bakery.

5.      As General Manager, Defendant Ramseyer oversees the Café's daily operations and hires, supervises, and fires Café employees.  She also oversees operations of the Bakery, procures supplies, hires employees, and provides guidance regarding employee discipline.

6.      Defendant Ramseyer is an employer under the Fair Labor Standards Act.

7.      Defendants were subject to the FLSA's minimum wage and recordkeeping requirements during the entire Investigation Period.

8.      Defendants paid servers and baristas working at the Café $5.00 or $5.55 per hour.

9.      Because Defendants paid servers less than the federal minimum wage, Defendants took a tip credit to make up for the rest of their minimum wage obligations to servers and baristas.

10.     Defendants paid cooks and dishwashers working at the Café at least $8.25 per hour.

4

11.     Defendants operated a tip pool at Longbranch Café during the Investigation Period.

12.     The tip pool has been in place at Longbranch Café for at least 15 years prior to the Department of Labor's investigation.

13.     The tip pool operated as follows: servers and baristas placed all tips received during a shift into a tip jar.  At the end of each shift, money from the tip jar was distributed to employees who worked that shift as follows: 90% divided between the servers and baristas on that shift, 5% to the cook(s), and 5% to the dishwasher.

14.     Cooks and dishwashers worked in the kitchen at the Café.  Customers did not generally have access to the kitchen.

15.     Café's dishwashers and cooks had *de minimis* contact, if any, with customers.

16.     Cooks and dishwashers at the Café were not customarily and regularly tipped employees.

You must now treat these facts as having been proved for the purpose of this case.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.   You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

The Secretary of Labor of the United States of Labor, Martin J. Walsh, is the Plaintiff in this case.   The United States Department of Labor, Wage and Hour Division, is the agency responsible for enforcing various federal labor laws, including the Fair Labor Standards Act ("FLSA") which includes proper payment of wages to certain employees.

The Dayemi Organization d/b/a/ Longbranch Café and Bakery and Elaine Ramseyer Greenberg are both considered employers under the FLSA.  Therefore, if you determine that either Defendant Longbranch or Defendant Ramseyer (or both) violated the FLSA, they are both legally responsible for the violations.

An employer must pay at least minimum wage for all hours worked by an employee each workweek.  The minimum wage rate applicable in this case is $7.25 per hour.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The Fair Labor Standards Act ("FLSA") requires employers to pay employees a minimum hourly wage.  The FLSA allows employers to pay tipped employees, such as servers and baristas, less than the full minimum wage required by law upon certain conditions.  This is known as the tip credit.

In order for an employer to qualify for a tip credit, the employer must establish that all tips received by the employees were retained by them, except when the employee participates in a valid tip pool.

Employees may voluntarily share their tips with employees who do not interact directly with customers, such as kitchen staff.  Such voluntary contributions, however, must be made free from any coercion.

In this case, Plaintiff claims that the Defendants did not permit the servers and baristas to retain all their tips because Defendants required them to contribute money to the tip pool which included kitchen staff, such as dishwashers and cooks, who are not customarily tipped employees.

To succeed on his claim against the Defendants, Plaintiff must prove by a preponderance of the evidence that the tip pool at Longbranch Café was mandatory, not voluntary.

If a tip pool is invalid, the employer owes the difference between the hourly wage paid and the federal minimum wage of $7.25.

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the form, and all of you will sign it.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court Security Officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.