## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, *Plaintiff*, | )<br>)<br>)<br>) Case No.: 3:21-cv-00056-SMY |
| v. | )<br>) Judge Staci M. Yandle |
| **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, *Defendants*. | )<br>) Jury Verdict: July 15, 2022<br>)<br>)<br>)<br>) |

## SECRETARY OF LABOR'S MOTION
## AND BRIEF TO ALTER OR AMEND JUDGMENT OR, IN THE
## ALTERNATIVE, FOR A NEW TRIAL ONLY ON THE ISSUE OF DAMAGES

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary" or "Plaintiff"), pursuant to SDIL-LR 7.1(c), Rule 59(e), and Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure ("Rules"), submits this *Motion and Brief to Alter or Amend Judgment Or, In the Alternative, For a New Trial Only On the Issue of Damages* in order to correct the erroneous judgment amount reached by the jury. By filing this motion, the Secretary does not waive any rights to appeal the damages awarded by the jury in the event the Court does not grant this motion.

### I. Background

A jury trial was held in this case from July 12 to July 15, 2022. (Doc. 68.) On July 15, 2022, the jury returned a verdict in favor of Plaintiff and against Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants"). (Doc. 73.) The jury found Defendants "required the tipped employees (servers and baristas) at Longbranch Café and Bakery to participate in a tip pool including non-tipped employees (cooks and dishwashers)[.]" (Verdict, Doc. 73 at 1, ¶¶ 1-2, Page

ID #590.) As a result of the mandatory tip pool, the jury found Defendants "failed to pay the employees the minimum wage required by law." (*Id.* at 2, ¶ 3, Page ID #591.) Instead of awarding $49,200.23 in back wages, which is the amount sought by Plaintiff and the amount required by law (including the law of the case) as the jury was instructed, the jury awarded $4,920.02 in back wages. The Court indicated it will enter a judgment reflecting the jury award of $4,920.02 in back wages and an equal amount in liquidated damages.

## II. Rule 59

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). The rule's purpose "is to allow a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A Rule 59(e) motion, however, does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)) (internal quotations and other citation omitted).

"A new trial may be granted under [Rule 59] if the verdict is against the manifest weight of the evidence or if a prejudicial error occurred." *Dunnagan v. Madison Cnty. Treasurer's Off.*, No. 14-CV-1339-SMY-SCW, 2017 WL 2405321, at *1 (S.D. Ill. June 2, 2017) (citing *Romero v. Cincinnati Inc.*, 171 F.3d 1091, 1096 (7th Cir. 1999)). "The district court has the power to get a

general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Dunnagan*, No. 14-CV-1339-SMY-SCW, 2017 WL 2405321, at *1 (citing *Mejia v. Cook Cty., Ill.*, 650 F.3d 631, 633 (7th Cir. 2011)). Although there does not appear to be a Seventh Circuit case on point, the majority of circuits have held the time limitation in Rule 59 "sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered." *See Jurgens v. McKasy*, 905 F.2d 382, 386 (Fed. Cir. 1990) (collecting cases), *abrogated on other grounds by Smith v. Barry*, 502 U.S. 244 (1992). *See also* WRIGHT AND MILLER, 11 FED. PRAC. & PROC. CIV. § 2812 (3d ed.) ("Rule 59(b) sets a maximum time for filing new-trial motions; there is nothing to prevent making a motion for a new trial before judgment has been entered, however."). In the event the Court does not alter or amend its judgment to reflect the $49,200.23 in back wages due under the law, Plaintiff respectfully requests a new trial limited only to the issue of damages, not liability or Defendants' good faith defense.

### III.  Argument

This motion does not introduce any new evidence or advance any arguments Plaintiff has not previously presented; it merely seeks to correct the back wage amount to reflect the jury instructions, controlling law (including the law of the case), and the evidence presented at trial in order to correct a manifest error of fact and law. The jury awarded $4,920.02 in back wages instead of $49,200.23, which is the amount sought by Plaintiff and the only amount justified by the jury's liability finding. The jury was instructed that, "If a tip pool is invalid, the employer owes the difference between the hourly wage paid and the federal minimum wage of $7.25." (Jury Instructions, Doc. 76 at 19, Page ID #616.) By awarding only $4,920.02 in back wages, the jury disregarded this instruction, which is based on controlling law. Therefore, Plaintiff requests

3

the judgment to be entered by the Court be altered or amended to reflect the back wage amount

due of $49,200.23 because the amount awarded by the jury is wrong as a matter of fact and law.

    A.  <u>There Is No Legal Basis for the Jury's Back Wage Award</u>

    The Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), requires

subject employers to pay at least the federal minimum wage of $7.25 per hour. 29 U.S.C. §

206(a). "For tipped employees, an employer may satisfy the federal minimum wage requirement

by paying a lower minimum wage rate and adding the amount of tips earned by the employee to

total the requisite $7.25 per hour. *See* 29 U.S.C. § 203(m)(2). This practice is known as taking a

'tip credit.'" (Memo. and Op., Doc. 51 at 7-8, Page ID #524-25.) "Section 203(m) of FLSA

obligates employers who take a tip credit to (1) give notice to its employees, and (2) allow its

employees to retain all the tips they receive, unless such employees participate in a valid tip

pool." (*Id.* at 8, Page ID #525.) This Court has already held in this case that an invalid tip pool

results in the employer being required to pay the minimum wage by paying the portion it

previously claimed as a tip credit: "If the tip pool is invalid . . . because it includes employees

who do not 'customarily and regularly receive tips,' . . . the employer may not take the tip credit

and must pay minimum wage instead." (*Id.*) (citing 29 U.S.C. § 203(m)); *Williams-Green v. J.*

*Alexander's Restaurants, Inc.*, 277 F.R.D. 374, 379 (N.D. Ill. Sept. 1, 2011)). *See also Driver v.*

*AppleIllinois, LLC*, 265 F.R.D. 293, 307 (N.D. Ill. Mar. 2, 2010) ("If . . . the tip pool is deemed

invalid . . . [then] the employer loses the tip credit."). Because this Court has already determined

an invalid tip pool requires the payment of minimum wage to tipped employees, the law-of-the-

case doctrine controls the damages determination in this case. *See, e.g.*, *United States v. Harris*,

531 F.3d 507, 513 (7th Cir. 2008) ("Under the law of the case doctrine, a court generally should

not reopen issues decided in earlier stages of the same litigation.") (citing *Agostini v. Felton,* 521

U.S. 203, 236 (1997)).

The Court instructed the jury correctly in accordance with the law and its previous decision in this case: "Because Defendants paid servers [and baristas] less than the federal minimum wage, Defendants took a tip credit to make up for the rest of their minimum wage obligations to servers and baristas." (Jury Instructions, Doc. 76 at 4, ¶ 9, Page ID #601.) "If a tip pool is invalid, the employer owes the difference between the hourly wage paid and the federal minimum wage of $7.25." (*Id.* at 19, Page ID #616.) "Defendants paid servers and baristas working at the Café $5.00 or $5.55 per hour." (*Id.* at 4, ¶ 8, Page ID #601.) Therefore, because Defendants are no longer entitled to the tip credit of $2.25 (from February 6, 2018, through December 31, 2019) and $1.70 (from January 1, 2020, through February 5, 2020) as a result of the jury's liability finding, they are required to pay these amounts previously unpaid as tip credits to its servers and baristas for each hour they worked. The back wage calculations represent only the unpaid tip credit for each hour worked by the servers and baristas based only on the amounts paid and hours worked as identified in Defendants' payroll records. (Pl. Ex. 16; Forthcoming Transcript, Day 3, Testimony of Investigator Corona.)[1] Furthermore, because Defendants failed to put on any evidence to refute Investigator Corona's calculations, there is no other evidence in the record the jury could have misinterpreted. Thus, the jury was appropriately instructed on the law governing its determination of back wages, but failed to follow it by awarding only 10% of the amount correctly calculated in accordance with the law.

    B.  <u>There Is No Evidentiary Basis for the Jury's Back Wage Award</u>

The total amount due to the 31 servers and baristas during the relevant period is

---

[1] Plaintiff has ordered a 14-day trial transcript and, if necessary, will file an amended motion with citations to the official transcript as soon as practicable. Plaintiff's counsel has reviewed the "rough transcript" and their own notes in preparing this motion.

$49,200.23. Wage and Hour Investigator Lindsey Corona ("Investigator Corona") performed the back wage calculations. (*See* Pl. Ex. 19.) The back wage calculations are based on the fact that Defendants "owe[] the difference between the hourly wage paid and the federal minimum wage of $7.25." (*Id.* at 19, Page ID #616; Forthcoming Transcript, Day 3, Testimony of Investigator Corona.) Investigator Corona computed back wages for each server and barista by: (1) determining the amount of tip credit Defendants took from February 2018 to February 2020 (by subtracting the amounts Defendants paid from the federal minimum wage of $7.25) and (2) multiplying that amount of the tip credit by the number of hours worked. (Pl. Ex. 16; Forthcoming Transcript, Day 3, Testimony of Investigator Corona; Jury Instructions Doc. 76 at 19, Page ID #616 ("If a tip pool is invalid, the employer owes the difference between the hourly wage paid and the federal minimum wage of $7.25.".)) The amounts paid by Defendants and the number of hours worked by the servers and baristas were undisputed and from Defendants' own year-to-date payroll records for February 2018 to February 2020. (Pl. Ex. 16; Forthcoming Transcript, Day 3, Testimony of Investigator Corona.)

Defendants presented no evidence to dispute any aspect of Investigator Corona's back wage calculations, only asking her on cross-examination whether she used the state minimum wage in her calculations; Investigator Corona testified she did not use the state minimum wage for her calculations in Plaintiff's Exhibit 19. (Forthcoming Transcript, Day 3, Testimony of Investigator Corona.) Because Defendants presented no evidence to dispute Plaintiff's Exhibit 19 or their own payroll records, there is no evidentiary basis upon which the jury could have determined $4,920.02 was the correct amount to award in back wages. Therefore, the jury made a manifest error of fact in awarding only 10% of the correct amount of back wages.

C.  <u>A New Trial On Damages Is Necessary If the Court Does Not Alter Or Amend the Judgment</u>

Rule 59(a)(1)(A) allows this Court to "grant a new trial on all or some of the issues—and to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A district court may grant a new trial if it finds the verdict against the weight of the evidence." *McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124, 1126 (7th Cir. 1998) (citations omitted) (upholding district court's granting a new trial on the issue of damages alone). If the Court denies Plaintiff's motion to alter or amend the judgment, a new trial limited only to the issue of the correct back wage amount is appropriate because the jury's verdict on back wages is against the weight of the evidence and contrary to controlling law.

IV.  **Conclusion**

Based on the foregoing, Plaintiff respectfully requests this Court alter or amend the judgment to award $49,200.23 in back wages and an equal amount of liquidated damages in order to correct a manifest error of fact and law. In the alternative, Plaintiff requests a new trial limited only to the issue of damages.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**ELISABETH NOLTE**
Trial Attorney

   s/Kevin M. Wilemon
**KEVIN M. WILEMON**
Senior Trial Attorney
U.S. Department of Labor

Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6973
wilemon.kevin@dol.gov
IL Bar No. 6301189

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, United States Department*
*of Labor*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 18, 2022, the **Secretary of Labor's Motion and Brief to Alter or**

**Amend Judgment** was filed using the CM/ECF System and served by email on the following:

Shari R. Rhode, Esq.
Rhode Law Firm
1405 West Main Street
Carbondale, IL 62901
shari@rhodelawfirm.com

/s/ Kevin M. Wilemon
**KEVIN M. WILEMON**
Attorney