UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>v.<br><br>**DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFE AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual,<br><br>        Defendants. | Civil action no.:  21-cv-00056-SMY |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ONLY ON THE ISSUE OF DAMAGES (DOC. 77)**

### Background

When a party chooses certain trial strategies that ultimately backfires on him, he does not get another bite at the proverbial apple by asking the Court to fix his mistakes.  This is exactly what Plaintiff is attempting to do with his current Motion.

In every case, it is Plaintiff's burden to prove the damages he claims.  It is the jury's role to determine if Plaintiff has proven damages, and if so, in what amount because "[t]he jury is the body best equipped to judge the facts, weight the evidence, determine credibility, and use its common sense to arrive at a reasoned decision."  *Minnesota Mining & Mfg. Co. v. Pribyl,* 259 F.3d 587, 606 (7th Cir. 2001).

Plaintiff is not relieved of its burden to prove his claimed damages even if Defendants offer no contrary calculations.  A jury is still free to accept or reject the amount of damages claimed by Plaintiff.  This is true so long as Defendants have not admitted the Plaintiff's

1

calculation is correct; which Defendants did not do at trial in this case.[1]

Even the Plaintiff himself recognized that the jury had the ultimate authority not to accept the dollar figure proffered by the Plaintiff. This is undisputedly demonstrated by simply looking at the Verdict Form drafted by Plaintiff and given by the Court. In his Verdict Form, Plaintiff asked four (4) questions. In the last question, Plaintiff asked the jury *if* $49,200.23 in minimum wages should be awarded as back wages? (Doc. 73 Page ID # 591) (emphasis added). The jury circled "No". *Id*. The Plaintiff then went on to ask the jury to state what amount should be awarded if their answer to No. 4 was "No". The jury made its decision that the proper damage award was $4,920.02. *Id.*

The jury had the right to accept or reject any factual claims of any party. This includes the jury's right to reject Plaintiff's calculation of alleged damages. This reality is not changed by Plaintiff's filing of his Rule 59(e) Motion. (Doc. 77). "[I]n deciding Rule 59(e) motions, the Seventh Amendment requires that the Court 'accord substantial deference to the jury's assessment' of damages." *Dunnagan v. Madison Cty. Treasurer's Office*, 2017 U.S. Dist. LEXIS 85043*4-5 (S.D. Il. June 2, 2017). (internal citation omitted). Respectfully, this Court should defer to the jury's assessment of damages as contained in their verdict. (Doc. 73).

## **The Role of the Jury**

It is "the jury's role to weigh the evidence." *Atturo Tire Corp. v. Toyo Tire Corp.,* 2022 U.S. Dist. LEXIS 84167*22 (N.D. IL May 10, 2022). The jury's role includes deciding the amount of damages. To warrant a new trial on evidentiary grounds, the jury's verdict must be "against the great – not merely the greater – weight of the evidence." *Hill v. Fleming*, 1990 U.S. Dist. LEXIS 16734*2 (internal citations omitted). "The reason why such a confining standard is

---

[1] Plaintiff's calculations were admitted by the Court over Defendants' objection (Doc. 70-1, Page ID # 585).

used is because 'a lesser standard would damage the jury's role as the principal trier of fact.'" *Id.* (internal citation omitted).

The jury did just what the Plaintiff asked them to do. By drafting his Verdict Form instruction as he did, Plaintiff has effectively waived any right to challenge his own jury instruction as he now seeks to do. The Court's review of proposed special verdict form proffered by Plaintiff, and its revision to eliminate issues already resolved by the Court,[2] ensured that the questions in the Verdict Form properly framed the relevant issue at hand. See *Toutant v. Crown Equip. Corp.*, 2004 U.S. Dist. LEXIS 23632*9 (N.D. Il.).

## Plaintiff is Not Entitled to a Do-Over Regarding Damages by Way of a New Trial Either

If the Court is not willing to just override the jury's decision, Plaintiff asks the Court for a new trial on damages. This alternative remedy fails for the same reasons set out above. By answering Plaintiff's Verdict Form in the way it did, the jury told the Court it found that the Plaintiff did not meet his burden of proving damages in excess of $4,920.02. (Doc. 73 Page ID # 519). The jury heard all the evidence and, in accordance with the instruction drafted by Plaintiff; awarded the amount of back wages it determined Plaintiff had proven. It is highly unlikely that Plaintiff would have filed a motion similar to the current Motion if the jury had awarded a number higher than the number Plaintiff claimed was due.

As Judge Posner said in *Prime Choice Services, Inc. v. Schneider Logistics Transloading and Distribution Inc.,* "a judge can't set aside a jury verdict just because had [s]he been a member of the jury [s]he would have voted for a different verdict." 861 F.3d 633, 635 (7th Cir. 2017). The jury's decision is not against the manifest weight of the evidence just because the jury chose not to accept Plaintiff's calculation. The calculation of damages "in the context of a special

---

[2] The Court revised Plaintiff's draft to eliminate Plaintiff's overtime claims resolved by the Court in its Partial Summary Judgment. (Doc. 51).

verdict has more limited meaning than in a general verdict. It refers only to loss suffered by the plaintiff [which is] a question of fact." *Freeman v. Chicago Park Dist.,* 189 F.3d 613, 616 (7th Cir. 1999). The jury is the decider of facts and its decision should be upheld.

## Conclusion

For all the above reasons, Plaintiff's Motion should therefore be denied.

>Respectfully Submitted,
>Dayemi Organization, Inc d/b/a/
>Longbranch Café and Bakery and Elaine
>Ramseyer Greenberg, Defendants
>
>By: /s/Shari R. Rhode
>Shari R. Rhode, Attorney for Defendants
>Bar No. 2324598
>Rhode Law Firm
>1405 West Main Street
>Carbondale, IL 62901
>Telephone: 618.549.4287
>Facsimile:  618.549.4343
>Email:efile@rhodelawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on August 1, 2022, a copy of Defendant's Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment or, in the Alternative, for a New Trial only on the issue of Damages (Doc. 77) was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system and served by email on the following:

>Elisabeth Simcox Nolte
>Kevin Wilemon
>Region V | Office of the Solicitor | U.S. Department of Labor
>230 S. Dearborn St., Rm. 844
>Chicago, IL 60604
>Email: nolte.elisabeth.p@dol.gov
>              Wilemon.Kevin@dol.gov

>/s/Shari R. Rhode
>Shari R. Rhode