UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br> *Plaintiff,* <br><br> v. <br><br> **DAYEMI ORGANIZATION, INC. d/b/a LONGBRANCH CAFÉ AND BAKERY**, an Illinois corporation, and **ELAINE RAMSEYER GREENBERG**, an individual, <br> *Defendants.* | ) <br> ) <br> ) <br> ) Case No.: 3:21-cv-00056-SMY <br> ) <br> ) Judge Staci M. Yandle <br> ) <br> ) Jury Verdict: July 15, 2022 <br> ) <br> ) <br> ) |

**SECRETARY OF LABOR'S MOTION FOR
ENTRY OF AMENDED JUDGMENT**

Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Secretary"), pursuant to Rule 58 of the Federal Rules of Civil Procedure ("Rules"), submits this *Motion for Entry of Amended Judgment* seeking entry in the docket of a separate document setting forth judgment against Defendants Dayemi Organization, Inc. d/b/a Longbranch Café and Bakery and Elaine Ramseyer Greenberg (collectively, "Defendants"), as sought to be amended by the Secretary's *Motion and Brief to Alter or Amend Judgment or, in the Alternative, for a New Trial Only on the Issue of Damages* ("*Motion to Alter Damages Judgment*") [ECF No. 77]. By filing this motion, the Secretary does not waive any rights to appeal the damages awarded by the jury in the event the Court does not grant this motion.

Counsel for the Secretary conferred with Defendants' counsel on December 13, 2022, and Defendants object to this motion.

**I.     Background**

The Secretary filed a Complaint under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA" or "Act") alleging Defendants paid tipped workers less than

1

the federal minimum wage in violation of FLSA § 6, failed to pay the appropriate overtime rate to tipped workers and misclassified a barista manager as FLSA exempt in violation of FLSA § 7, and failed to make and keep accurate records of employee hours and pay in violation of FLSA §§ 11 and 15. (ECF No. 1.) To address these violations, the Secretary sought judgment ordering Defendants to pay their workers back wages for unpaid minimum wage and overtime compensation and an equal amount of liquidated damages and enjoining Defendants from violating the Act. (ECF No. 1.)

The Court resolved the Secretary's overtime and recordkeeping claims on summary judgment. The Court found as a matter of law that Defendants violated FLSA § 7 by failing to pay the appropriate overtime rate to tipped workers who worked more than 40 hours per workweek during the relevant period and awarded $126.01 in back wages and an equal amount of damages to the affected workers. (ECF Nos. 51; 64.) The Court denied as moot the Secretary's overtime claim for Defendants' misclassification of a barista manager because Defendants paid back wages owed, but granted the Secretary's request for liquidated damages for that barista manager. (ECF Nos. 51; 63.) Finally, the Court found as a matter of law that Defendant violated the Act's recordkeeping provisions at §§ 11 and 15. (ECF No. 51.)

A jury trial was held from July 12 to July 15, 2022, to resolve the Secretary's minimum wage allegations and related back wages and liquidated damages. (ECF Nos. 65-68.) On July 15, 2022, the jury returned a verdict in favor of the Secretary and against Defendants. (ECF No 73.) The jury found Defendants "required the tipped employees (servers and baristas) at Longbranch Café and Bakery to participate in a tip pool including non-tipped employees (cooks and dishwashers)[.]" (ECF No. 73 ¶¶ 1, 2.) As a result of the mandatory tip pool, the jury found Defendants "failed to pay the employees the minimum wage required by law." (*Id.* ¶ 3.) Instead

of awarding $49,200.23 in back wages, which is the amount sought by the Secretary and the amount required by law (including the law of the case) as the jury was instructed, the jury awarded $4,920.02 in back wages. (*See* ECF No. 73 ¶ 4.) The Court also awarded an equal amount of liquidated damages. (ECF No. 81 at 447:23-449:7.) The jury's verdict form was entered in the record shortly after the trial. (ECF No. 73.)

The Secretary filed his *Motion to Alter Damages Judgment*, to which Defendants filed a Response. (ECF No. 77; ECF No. 82.) The Court has not yet ruled on the Secretary's *Motion* or entered a separate document reflecting the totality of the judgment against Defendants.

**II.     Rule 58**

Rule 58 requires that a district court enter a separate document for every judgment and amended judgment, with some limited exceptions inapplicable here.[1] The purpose of the separate document requirement is "to eliminate uncertainty about whether a district court's entry is final for appellate purposes." *Simon v. Coop. Educ. Serv. Agency #5*, 46 F.4th 602, 606 (7th Cir. 2022) (quoting Fed. R. Civ. P. 58(a)). "If a district court fails to issue a separate judgment, '[a] party may request that judgment be set out in a separate document as required.'" *Id.* (quoting Fed. R. Civ. P. 58(d)).

Here, the Secretary is seeking entry of judgment reflecting the summary judgment rulings against Defendants as well as the jury's verdict and Court's determination on liquidated damages, subject to the Secretary's *Motion to Alter Damages Judgment.* Therefore Rule 58(d) authorizes the Secretary's request that judgment be set out in a separate document.

---

[1] A separate document is not required to dispose of a motion "for judgment under Rule 50(b); to amend or make additional findings under Rule 52(b); for attorney's fees under Rule 54; for a new trial, or to alter or amend the judgment, under Rule 59; or for relief under Rule 60." Fed. R. Civ. P. 58(a). The Secretary has filed a *Motion to Amend Damages Judgment*, but a separate document is nonetheless required under Seventh Circuit precedent if that *Motion* is granted. *E.g. Kunz v. DeFelice*, 538 F.3d 667, 673-74 (7th Cir. 2008). Thus, none of these exceptions to the separate document requirement apply here.

### III. The Court should enter an amended judgment reflecting the jury's verdict and Court's rulings against Defendants.

Entry of judgment in a separate document is required by Rule 58 and necessary to clarify the record and effectuate the findings of the Court and jury. Rule 58 requires the Court to set out judgment in a separate document and requires the Clerk promptly enter the judgment into the record. The jury entered their verdict over four months ago and there is still no judgment from the Court. Moreover, given the various ways in which issues have been ruled on during the proceedings—i.e. by summary judgment decision, by jury verdict, by oral rulings during the trial, and potentially by a ruling on the Secretary's *Motion to Alter Damages Judgment*—a separate ruling would bring clarity regarding the finality of the rulings. Finally, a judgement under Rule 58 is necessary to enforce the findings of the Court and jury. Without such a judgment, the Secretary has no way of ensuring Defendants' employees receive the back wages and liquidated damages they are owed.

### IV. Conclusion

For the foregoing reasons, the Secretary respectfully requests that the Court grant this *Motion for Entry of Amended Judgment.*

    Respectfully submitted,

    **SEEMA NANDA**
    Solicitor of Labor

    **CHRISTINE Z. HERI**
    Regional Solicitor

    **KEVIN M. WILEMON**
    Senior Trial Attorney

    */s/ Elisabeth Nolte*
    **ELISABETH NOLTE**

       Trial Attorney

       Attorneys for **MARTIN J. WALSH**
       Secretary of Labor
       U.S. Department of Labor
       Plaintiff

       Office of the Solicitor
       U.S. Department of Labor
       230 S. Dearborn St., Room 844
       Chicago, IL 60604
       Telephone No.: 312/353-7837
       Fax No.: 312/353-5698
       E-mail: nolte.elisabeth.p@dol.gov

## CERTIFICATE OF SERVICE

I certify that on December 13, 2022, the **Secretary of Labor's Motion for Entry of Amended Judgment** was filed electronically using the CM/ECF System and served by email on the following:

> Shari R. Rhode, Esq.
> Rhode Law Firm
> 1405 West Main Street
> Carbondale, IL 62901
> shari@rhodelawfirm.com

*/s/ Elisabeth Nolte*
**ELISABETH NOLTE**
Attorney

United States Department of Labor,
One of the Attorneys for Martin J. Walsh,
Secretary of Labor